**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

MONICA ABBOUD, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

AGENTRA, LLC, a Texas limited liability
company,

                Defendant.

Case No. 3:19-cv-120

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1.      Plaintiff Monica Abboud ("Abboud" or "Plaintiff") brings this Class Action Complaint against Defendant Agentra, LLC ("Agentra" or "Defendant") to: (1) stop Defendant's practice of placing telephone calls and text messages using an "automatic telephone dialing system" ("ATDS") and/or using an "artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place autodialed and/or prerecorded telephone calls and/or text messages to consumers who have elected to out-out of receiving them, and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees as set forth herein.

## PARTIES

2.      Plaintiff Monica Abboud is a natural person over the age of eighteen (18) who resides in Houston, Harris County, Texas.

3.      Defendant Agentra, LLC is a limited liability company organized and existing under the laws of the State of Texas whose primary place of business and corporate headquarters is located at 4201 Spring Valley Rd., Suite 1500, Dallas, Texas 75244.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because at least one of the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

5.      This Court has personal jurisdiction over Defendant and venue is proper in this District because it solicits significant business in this District, resides and is headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## COMMON ALLEGATIONS OF FACT

6.      Agentra is a health insurance agency based in Dallas, Texas.

7.      Unfortunately for consumers, Agentra, when fishing for new business, casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its products and services Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features the repeated making of unsolicited autodialed and/or pre-

recorded calls and text messages to consumers' telephones, including their cellular telephones, all

without any prior express written consent to make these calls.

8.      To make matters worse, Defendant places these calls and texts to telephones using

an ATDS or a pre-recorded voice without consumers' prior written express consent in violation

of the TCPA.

9.      Finally, despite consumers' attempts to opt-out of future calls and texts,

Defendant continues to call them.

10.     At no time did Defendant obtain prior express consent from the Plaintiff and the

Classes orally or in writing to receive calls or texts.

11.     In making the phone calls and sending the text messages at issue in this

Complaint, Defendant and/or its agent utilized an automatic telephone dialing system.

Specifically, the hardware and software used by Defendant and/or its agents has the capacity to

store, produce, and dial or text random or sequential numbers, and/or receive and store lists of

telephone numbers, and to dial or text message such numbers, *en masse*, in an automated fashion

without human intervention. Defendant's automated dialing equipment includes features

substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls

and sending numerous text messages simultaneously, without human intervention.

12.     Defendant knowingly made, and continues to make, telemarketing calls and texts

without the prior express consent of the recipients and knowingly continues to call them after

requests to stop. Alternatively, Defendant's agents, acting act Defendant's direction and control,

and for Defendant's benefit/pursuant to a contract with the Defendant, made such calls and send

such text messages with Defendant's knowledge and approval, at Defendant's direction, and for Defendant's benefit.

13.     As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, it intentionally and repeatedly violated the TCPA in the process.

## FACTS SPECIFIC TO PLAINTIFF

14.     Plaintiff Abboud is the owner and customary user of a personal cellular telephone number ending in 3670.

15.     Beginning in or around November 2018, Plaintiff Abboud began receiving prerecorded telemarketing calls from Defendant on her cellular telephone soliciting her to purchase health insurance.

16.     Plaintiff Abboud never consented to receive prerecorded and/or autodialed calls from Agentra or from any of its affiliates or agents.

17.     During one of the calls, Plaintiff followed the prompts, spoke with an agent of Agentra and requested to be placed on Defendant's internal do not call list.

18.     Despite the requests for the prerecorded/autodialed calls to stop, Defendant continued to place calls to Plaintiff.

19.     To make matters worse, shortly after the prerecorded and/or autodialed calls being made, Defendant also made at least one autodialed text message call to Plaintiff to follow up regarding health insurance options. This was similarly done without any prior express written consent to place the texts.

20.     Plaintiff has received telephone calls and text messages from Defendant from the following numbers: 713-564-9527, 214-304-4313, and 713-855-6619. On information and belief, Defendant has placed calls and texts to Plaintiff utilizing other telephone numbers.

21.     Plaintiff does not have a relationship with Defendant or its agents, has never provided her telephone number directly to Defendant or its agents, and has never requested that Defendant or its agents place prerecorded and/or autodialed calls or texts to her or offer her its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant or its agents to place prerecorded and/or autodialed calls and texts to her and has no business relationship with Defendant or its agents.

22.     Defendant and its agents were, and remain, aware that the above described prerecorded and/or autodialed calls and texts were made to consumers like Plaintiff who have not consented to receive them.

23.     By making or causing to made unauthorized prerecorded and/or autodialed calls and texts as alleged herein, Agentra has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls and texts knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

24.     To redress these injuries, Plaintiff, on behalf of herself and the Classes of

similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited

prerecorded and/or autodialed calls and texts to telephones. On behalf of the Classes, Plaintiff

seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed

calling activities and an award of statutory damages to the class members to be placed into a

common fund for the benefit of the Classes, together with an award of costs and reasonable

attorneys' fees.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2)

and Rule 23(b)(3) on behalf of herself and the Classes defined as follows:

**No Consent Class**: All persons in the United States who (1) from the date four
years prior to the filing of this Complaint through the date notice is sent to the
class members; (2) Defendant, or a third person acting on behalf of Defendant,
called; (3) on the person's cellular telephone; (4) for the same purpose for which
Plaintiff was called; (5) using the same equipment used to call Plaintiff; and (6)
for whom Defendant claims it obtained prior express consent in the same manner
as Defendant claims it supposedly obtained prior express consent to call the
Plaintiff.

**Stop Call Class**: All persons in the United States who (1) from the date four
years prior to the filing of this Complaint through the date notice is sent to the
class members; (2) Defendant, or a third person acting on behalf of Defendant,
called; (3) on the person's cellphone; (4) for the same purpose for which Plaintiff
was called; (5) using the same equipment used to call Plaintiff; (6) after the
person had already informed Defendant or its agents that s/he no longer wished
to receive calls from Defendant or its agents.

26.     The following people are excluded from the Classes: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's

subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its

parents have a controlling interest and its current or former officers and directors; (3) persons

who properly execute and file a timely request for exclusion from the Classes; (4) persons whose

claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and

assignees of any such excluded persons. Plaintiff anticipates the need to amend the class

definitions following appropriate discovery.

27.     **Numerosity:** The exact number of members within the Classes is unknown and

not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On

information and belief, Defendant or it agents have placed autodialed and/or prerecorded calls

and texts to thousands of consumers who fall into the defined Classes. The exact number of

members of the Classes can be identified through Defendant's records and by reference to other

objective criteria.

28.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the

Classes, in that Plaintiff and the members of the Classes sustained damages arising out of

Defendant's uniform wrongful conduct.

29.     **Adequate Representation:** Plaintiff will fairly and adequately represent and

protect the interests of the Classes and has retained counsel competent and experienced in

complex class actions. Plaintiff and her counsel have no interests antagonistic to those of the

Classes, and Defendant has no defenses unique to Plaintiff.

30.     **Commonality and Predominance:** There are several questions of law and fact

common to the claims of Plaintiff and the Classes, and those questions go the the very heart of

the litigation and predominate over any questions that may affect individual members of the

Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

       (a)      Whether Defendant's conduct violated the TCPA;

       (b)      Whether Defendant made the calls or sent the text messages with the use of an ATDS or pre-recorded voice;

       (c)      Whether Defendant systematically made telephone calls and sent text messages to cellphone owners who did not previously provide Defendant and/or its agents with prior express written consent;

       (d)      Whether Defendant systematically made telephone calls to consumers after they explicitly asked not to be called by Defendant;

       (e)      Whether the calls were for telemarketing purposes; and

       (f)      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

31.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

32.    **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation

necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## <u>FIRST CAUSE OF ACTION</u>
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the No Consent Class)**

33.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34.     Defendant or its agents made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's loans and other financial products and services.

35.     Defendant and its agents failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a clear and conspicuous disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

36.     Further, Defendant or its agents placed the telephone calls and texts using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

37.     By making unsolicited telephone calls to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS and/or pre-recorded or artificial voice, Defendant and its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

38.     As a result of Defendant's unlawful conduct, or the conduct of Defendant's agents on or for Defendant's behalf, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

39.     In the even it is determined that Defendant's conduct was willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Stop Call Class)

40.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41.     Defendant made unsolicited and unwanted telemarketing calls and texts to telephone numbers belonging to Plaintiff and the other members of the Stop Call Class on their telephones in an effort to sell its products and services after the call recipient informed Defendant that s/he no longer wished to receive calls and texts from Defendant.

42.     Defendant made the telephone calls and texts using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. That is, Defendant utilized equipment that made the telephone calls and texts to Plaintiff and other members of the Stop Call Class simultaneously and without human intervention.

43.     On information and belief, Defendant has no written internal do not call policy wherein it honors do not call requests nor are employees or personnel engaged in calling activities trained with respect to any such policy. Defendant does not honor stop calling requests and continues to call persons, both within and beyond 30 days after the do not call request has been made.

44.     By making unsolicited telephone calls to Plaintiff and members of the Stop Call Class's telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

45.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Stop Call Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellphones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

46.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Stop Call Class.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff Monica Abboud, on behalf of herself and the Classes, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff Abboud as the representative of the Classes, and appointing her counsel as Class Counsel;

B.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.     An order declaring that Defendant's actions, as set out above, were willful, and awarding treble damages;

E.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

F.     An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

G.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H.      Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


                                    Respectfully submitted,

Dated: January 15, 2019             **MONICA ABBOUD**, individually and on behalf of
                                    all others similarly situated,


                                    By: s/  Robert B. Kleinman_____
                                           One of Plaintiff's Attorneys

                                    Robert B. Kleinman
                                    Texas Bar No. 24055786
                                    Breanne V. Cope
                                    Texas Bar No. 24076747
                                    Common Sense Counsel LLP
                                    404 W. 7th Street
                                    Austin, Texas 78701
                                    Phone: 512.299.5329
                                    Fax: 512.628.3390
                                    robert@commonsensecounsel.com

                                    Steven L. Woodrow*
                                    swoodrow@woodrowpeluso.com
                                    Patrick H. Peluso*
                                    ppeluso@woodrowpeluso.com
                                    Taylor Smith*
                                    tsmith@woodrowpeluso.com
                                    Woodrow & Peluso, LLC
                                    3900 East Mexico Ave., Suite 300
                                    Denver, Colorado 80210
                                    Telephone: (720) 213-0675
                                    Facsimile: (303) 927-0809

                                    Attorneys for Plaintiff and the Classes

                                    *Pro Hac Vice admission to be sought*