**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MONICA ABBOUD,** individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **Case No. 3:19-cv-120** |
| **AGENTRA, LLC,** | § § § | |
| *Defendant.* | § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Agentra, LLC ("Defendant") by and through its undersigned counsel, files this Answer to Plaintiff's Class Action Complaint (the "Complaint"). In response to the numbered paragraphs in the Complaint, Defendants respond as follows:

1.      Defendant denies the allegations in paragraph 1.

## PARTIES

2.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2 and therefore denies the same.

3.      Admitted.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that it resides and is headquartered in Dallas County.

### COMMON ALLEGATIONS OF FACT

6.       Defendant is an insurance marketing organization/agency. Defendant otherwise denies the allegations in paragraph 6.

7.       Defendant denies the allegations in paragraph 7. Agentra does not conduct outgoing sales calls, much less through the use of auto-dialers or pre-recorded calls/texts without consent. Agentra expressly requires its downline insurance agents to comply with state and federal laws, which includes those regarding the use of auto-dialers or pre-recorded calls/texts without consent.

8.       Defendant denies the allegations in paragraph 8.

9.       Defendant denies the allegations in paragraph 9.

10.      Defendant denies the allegations in paragraph 10.

11.      Defendant denies the allegations in paragraph 11.

12.      Defendant denies the allegations in paragraph 12.

13.      Defendant denies the allegations in paragraph 13.

### FACTS SPECIFIC TO PLAINTIFF

14.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 14 and therefore denies the same.

15.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 15 and therefore denies the same.

16.      Defendant denies the allegations in paragraph 16.

17.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 17 and therefore denies the same.

18.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore denies the same.

19.     Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 19 and therefore denies the same.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21 and avers that on at least November 7, 2018 and January 22, 2019, Plaintiff provided her personal information (including her telephone number) to independent contractors of Defendant and signed up for certain of Defendant's products through those independent contractors.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 24.

<u>CLASS ACTION ALLEGATIONS</u>

25.     Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

26.     Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 26.

27.     Paragraph 27 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 27.

28.     Paragraph 28 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 28.

29.     Paragraph 29 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 29.

30.     Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 30.

31.     Paragraph 31 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 31.

32.     Paragraph 32 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 32.

## FIRST CAUSE OF ACTION

33.     Defendant incorporates by reference its foregoing response as if fully set forth herein.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

## SECOND CAUSE OF ACTION

40.     Defendant incorporates by reference its foregoing response as if fully set forth herein.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs (A)-(H).

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. Defendant may assert additional affirmative defenses to which it may be entitled or which may be developed during discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed class. Defendant may assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## FIRST AFFIRMATIVE DEFENSE (NO DUPLICATIVE RELIEF)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by plaintiffs in other lawsuits, subjecting Defendants to the possibility of multiple recovery, such recovery is barred by the Fifth and Eighth Amendment to the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE (LACK OF STANDING)

Plaintiff and members of any putative class have not suffered any concrete injury and thus lack standing to assert TCPA claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE (WAIVER AND ESTOPPEL)

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

### Fourth Affirmative Defense (Failure to Join Necessary Parties)

This action may not proceed because Plaintiff has failed to join necessary parties to properly adjudicate his claims.

### Fifth Affirmative Defense (Comparative Fault)

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### Sixth Affirmative Defense (Third-Party Acts)

Any alleged injury or damage sustained by Plaintiff or members of any putative class were caused, in whole or in part, by the conduct of third parties over which Defendant had no control.

### Seventh Affirmative Defense (Consent)

Plaintiff and members of any putative class provided prior express consent to receive calls and texts from Defendant and its independent contractors.

### Prayer for Relief

WHEREFORE, Defendant Agentra, LLC denies that Plaintiff is entitled to any of the relief sought, and denies that a class can be certified here. Defendant requests that the Court:

1.      Dismiss the Complaint with prejudice;

2.      Enter judgment for Defendant;

3.      Dismiss the class claims;

4.      Award to Defendant its costs and expenses incurred in defending this action; and

5.      Grant such other and further relief as the Court deems just and proper.

Dated: February 25, 2019                    Respectfully submitted,


**PLATT CHEEMA RICHMOND PLLC**

By: *s/ Bill S. Richmond*_____
William S. Richmond
Texas Bar No. 24066800
brichmond@pcrfirm.com
Andrew Lin
Texas Bar No. 24092702
alin@pcrfirm.com
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEFENDANT**


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel for Defendant does certify that he served this pleading on all counsel of record by electronic filing on February 25, 2019 through the CM/ECF system.

*s/ Bill S. Richmond*_____ _____
WILLIAM S. RICHMOND