IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AGENTRA, LLC, a Texas limited liability company,<br><br>    Defendant. | Case No. 3:19-cv-00120-K<br><br>**REPORT REGARDING CONTENTS OF SCHEDULING ORDER** |

  Plaintiff Monica Abboud ("Plaintiff" or "Abboud") and Defendant Agentra, LLC ("Defendant" or "Agentra"), submit this Report Regarding Contents of Scheduling Order ("Joint Report") in accordance with the Court's February 25, 2019 Order (Dkt. 19).

**1.**  **Statement of the claims and defenses.**

*Plaintiff's Statement*

  This Court has subject matter jurisdiction over Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), pursuant to 28 U.S.C. § 1331.

  The facts are straightforward. Plaintiff alleges that beginning in or around November 2018 she began receiving prerecorded telemarketing calls from Defendant on her cellular telephone soliciting her to purchase health insurance. Plaintiff alleges that she never consented to receive prerecorded calls from Agentra or from any of its affiliates or agents. Plaintiff further alleges that during one of the calls she followed the prompts, spoke with an agent of Agentra and requested to be placed on Defendant's internal do not call list, yet received additional calls,

1

including one unsolicited text message call. Plaintiff alleges that she has received telephone calls and text messages from Defendant from the numbers 713-564-9527, 214-304-4313, and 713-855-6619, and other numbers as well. On information and belief, Defendant has placed calls and texts to Plaintiff utilizing other telephone numbers. Plaintiff alleges that this conduct violated the Telephone Consumer Protection Act as to herself as well as a class of similarly-situated individuals nationwide.

*Defendant's Statement*

Defendant Agentra LLC does not make outbound telemarketing calls, much less any done by pre-recorded voice or ATDS "robo-dial." Agentra does hire independent contractor insurance agents who sell a variety of products for a variety of companies, including some products on behalf of Agentra. Those agents are required to follow all state and federal laws, including the TCPA. To the extent any proof exists of a call to Plaintiff, that would have been a single independent agent utilizing a third-party lead generator to forward a call lead to that agent, with no involvement or authority from Agentra. The agents, if they engaged in or hired a third party to engage in acts violating the TCPA, were not under the control of Agentra and did not utilize any ATDS, as that term is used in the TCPA.

**2.     Time Limit to file motions for leave to join other parties**

The Parties jointly propose that that a deadline to file motions for leave to join other parties be set for 120 days into the discovery period proposed below.

**3.     Time Limit to amend pleadings**

The Parties jointly propose that that a deadline to file motions for leave to amend pleadings be set for 120 days into the discovery period proposed below.

**4.      Dispositive and other motions**

The Parties agree to the Court's preferred deadline for dispositive motions of 120 days before trial. The Parties propose that any motion for class certification be due at the close of the discovery period proposed below.

**5.      Time Limit for initial designation of experts**

The Parties jointly propose that experts be designated at the close of the initial 7 months period of discovery, as proposed below.

**6.      Time Limit for responsive designations of experts**

The Parties jointly propose that responsive experts be designated 30 days after initial expert designations.

**7.      Time Limit for objections to experts**

The Parties propose this deadline be set 30 days after expert designation.

**8.      Proposed plan and schedule for discovery**

The Parties propose that discovery proceed with respect to both class certification and merits issues for a period of nine (9) months. The first seven (7) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts.  At the close of this nine (9) month period the Parties would brief class certification. The Parties propose that after a decision is made regarding class certification the Court hold a subsequent Case Management Conference to set deadlines for the remainder of the case, including any outstanding discovery, dispositive motions, pre-trial, and trial.

The parties anticipate discovery concerning the following topics: records of phone calls made by Agentra or its agent(s) to Plaintiff and members of the putative class; Agentra's or its

agent(s)'s call lists; Agentra or its agent(s)'s dialing technology; Defendant's records of consent and requests not to be called; Defendant's or its agent(s)'s processes for screening and removing phone numbers from call lists; the relationship between Agentra and any third parties making calls on its behalf to Plaintiff and the putative class; Plaintiff's alleged damages; connections between Plaintiff and other putative class members and Agentra; class certification; and any expert opinions proffered by either party.

**9.     Changes to the Federal Rules of Civil Procedure or local rules regarding discovery**

The Parties do not propose any changes at this time.

**10.    Proposed trial date and length of trial**

The Parties anticipate that the case will be tried to a jury. If the case is an individual action (meaning that no class has been certified), the Parties anticipate that trial will last one day. If the case is certified as a class action, the Parties anticipate that trial will last seven days. As set forth above, the Parties propose that a trial date be set after a decision is made regarding class certification.

**11.    Proposed date for settlement negotiations**

The Parties will engage in good-faith settlement negotiations prior to class certification briefing once an appropriate amount of discovery has been conducted regarding the claims and defenses, and will further engage in negotiations in the event that a class is certified.

**12.    Rule 26(a)(1) disclosures**

The Parties agree to exchange Rule 26(a)(1) disclosures within 21 days of the date this Joint Report is filed.

**13.    Magistrate Judge consent**

All Parties do not consent to trial before a Magistrate Judge.

**14.    Mediation and arbitration**

The Parties are not aware of any applicable arbitration agreement at this time, and agree to discuss the possibility of mediating the dispute at an appropriate time after sufficient discovery has been conducted.

**15.    Other Proposals regarding scheduling and discovery**

The Parties have no other proposals at this time.

**16.    Conference with the Court**

The Parties do not request a conference with the Court at this time.

**17.    Any other matters**

The Parties have no other matters requiring the Court's attention at this time.


Dated: March 27, 2019                             /s/ Patrick H. Peluso
                                                  Counsel for Plaintiff


Dated: March 27, 2019                             /s/ William S. Richmond
                                                  Counsel for Defendant

## **CERTIFICATE OF SERVICE**

 I hereby certify that on March 27, 2019, I served copies of the foregoing papers on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

*s/ Patrick H. Peluso*