IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>AGENTRA, LLC, a Texas limited liability company,<br><br>            Defendant. | Case No. 3:19-cv-00120-K<br><br>**UNOPPOSED MOTION FOR ALTERNATIVE SERVICE OF SUBPOENAS ON STELLAR COMMUNICATION PARTNERS, INC.** |

       Plaintiff Monica Abboud ("Plaintiff" or "Abboud") hereby moves the Court for an Order permitting service of a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action upon Stellar Communication Partners, Inc. to be made by hand-delivering true and accurate copies of both subpoenas to the California Secretary of State in accordance with Cal. Corp. Code. § 1702 (West 2014). In support of this motion, Plaintiff states as follows:

       1.      Pursuant to Local Rule 7.1, the undersigned certifies that he has conferred with Defendant Agentra, LLC's ("Defendant" or "Agentra") counsel regarding this motion. Defendant's counsel stated that it does not oppose the requested relief.

       2.      On January 15, 2019, Plaintiff brought this putative class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, 24 U.S.C. § 227, *et seq.* ("TCPA" or "Act")—specifically, challenging Agentra's practice of placing unsolicited autodialed and/or prerecorded telemarketing calls, and for failing to honor consumers' requests to no longer receive telemarketing calls.

3. California Corporate Code provides for alternative service upon a corporation by delivering the documents by hand to the Secretary of State when a Court finds, supported by affidavit, that the registered agent for service cannot be found with reasonable diligence and issues an order stating as such. *See* Cal. Corp. Code § 1702(a).

4. After identifying Stellar Communication Partners, Inc. ("SCP") as one of Agentra's agents that placed telemarketing calls to Plaintiff, counsel drafted a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("SCP Subpoenas," true and accurate copies of both subpoenas are attached hereto as Ex. A).

5. On July 9, 2019, Plaintiff provided notice of the SCP Subpoenas to Defendant's counsel. Plaintiff then sent the subpoenas to a process server in the State of California.

6. SCP's registered agent, Claudia Tropila, is located at 10229 Black River Court, Fountain Valley, California 92708. (*See* SCP Articles of Incorporation, a true and accurate copy of which is attached hereto as Ex. B.)

7. While attempting to serve SCP's registered agent, the process server was informed from the neighbors that Claudia Tropila is deceased and that new owners reside at the address. (*See* Affidavits of Non-Service, true and accurate copies of which are attached hereto as Ex. C.)

8. Thereafter, Plaintiff advised the server to attempt service at SCP's principal office location, 999 Corporate Drive, Suite 100, Ladera Ranch, California 92694. (*See* Ex. B.)

9. The process server attempted service at SCP's principal office location, however, the attempts have been unsuccessful. (*See* Ex. C.) SCP's principal office is located in an office

share and the receptionist stated that SCP's officers and employees are in and out at random times. (*See Id.*)

10. Here, Plaintiff has diligently attempted to effectuate service of the SCP Subpoenas on SCP's registered agent to no avail. That is, following attempts at service it has become apparent that SCP's registered agent is no longer located at the address provided and is likely deceased. (*See* Ex. C.)

11. Further, Plaintiff also attempted to serve SCP at its principal office location. However, officers and employees are rarely located at the office address provided. (*See* Ex. C.)

12. Based on the foregoing and the affidavits attached hereto as Exhibit C, Plaintiff is unable to complete service of the SCP Subpoenas upon SCP's registered agent.

13. Therefore, Plaintiff respectfully requests, consistent with Cal. Corp. Code § 1702, that the Court issue an issue an order that service may be made by delivering by hand the SCP Subpoenas to the California Secretary of State.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the present motion and issue an order allowing Plaintiff to serve the SCP Subpoenas upon SCP by means of service upon California's Secretary of State, and for such additional relief as the Court deems necessary and just.


Dated: August 19, 2019                              Respectfully Submitted,

                                                    */s/ Taylor T. Smith*
                                                       One of Plaintiff's Attorneys

                                                    */s/ Brooke F. Cohen*
                                                       Local Counsel

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Robert B. Kleinman
robert@commonsensecounsel.com
Breanne Cope
breanne@commonsensecounsel.com
Common Sense Counsel LLP
404 West 7th Street
Austin, Texas 78701
Telephone: (512) 299-5329
Facsimile: (512) 628-3390

Brooke Frances Cohen
brookefcohen@gmail.com
4334 University Blvd
Dallas, TX 75205
Telephone: (214) 384-0537

*Attorneys for Plaintiff and the Class*

* *Pro Hac Vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, I served copies of the foregoing papers on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

*/s/ Taylor T. Smith*