# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Monica Abboud, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:19-cv-00120-K |
| Agentra, LLC, | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Stellar Communication Partners, Inc. d/b/a Healthcare Enrollment Center

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See attached Addendum A.

| Place: A mutually agreeable location | Date and Time: 09/23/2019 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/09/2019

*CLERK OF COURT*

OR

/s/ Taylor T. Smith

*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Abboud , who issues or requests this subpoena, are:
Taylor T. Smith, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, Colorado 80210; Tel: 720-907-7628; tsmith@woodrowpeluso.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:19-cv-00120-K

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ADDENDUM A TO SUBPOENA TO TESTIFY AT A DEPOSITION
TO STELLAR COMMUNICATION PARTNERS, INC.
d/b/a HEALTHCARE ENROLLMENT CENTER**

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, SCP is hereby notified of its obligation to designate one or more officers, employees, agents or other persons who can testify on behalf of SCP with respect to the topics set forth below. The person(s) so designated shall be required to testify as to each of those matters known or reasonably available to SCP. Therefore, please designate a representative to testify regarding the following topics. The defined terms need not be capitalized to retain their defined meanings.

1. All steps YOU have taken to comply with the Telephone Consumer Protection Act ("TCPA"), including YOUR policies and procedures, if any, with respect to complying with the TCPA, and the training of any of YOUR personnel in such policies and procedures.

2. YOUR complete relationship with AGENTRA, including all contracts or agreements with YOU on one hand and AGENTRA on the other.

3. All services that YOU perform on behalf of AGENTRA or for AGENTRA's benefit, including all telemarketing activities that YOU perform on behalf of AGENTRA or for AGENTRA's benefit.

4. All communications between YOU and AGENTRA regarding the TCPA and telemarketing activity.

5. All call scripts used in the placing of telemarketing calls to PLAINTIFF.

6. All oversight or control that AGENTRA possesses over YOUR telemarketing activities, including any periodic reporting YOU send to AGENTRA regarding telemarketing activity YOU conduct or have conducted on AGENTRA's behalf or for AGENTRA's benefit.

7. All communications between YOU and AGENTRA regarding PLAINTIFF or this lawsuit.

8. Any prior express consent that YOU claim was obtained to place telephone calls and/or text message calls to PLAINTIFF, including all CONSENT LANGUAGE and the manner by which YOU claim the prior express consent was obtained.

9. YOUR ability to IDENTIFY all PERSONS who provided supposed prior express consent to be called by YOU on behalf of or for the benefit of AGENTRA in the same manner that was used to obtain any supposed prior express consent to make calls or text message calls to PLAINTIFF.

10. All PERSONS that YOU called on behalf of or for the benefit of AGENTRA on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided

prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

11. All calls that YOU placed to PERSONS on behalf of or for the benefit of AGENTRA to all PERSONS during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

12. All PERSONS that YOU sent a text message call on behalf of or for the benefit of AGENTRA on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to place texts to PLAINTIFF.

13. All text message calls that YOU placed to PERSONS on behalf of or for the benefit of AGENTRA to all PERSONS during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to place texts to the PLAINTIFF.

14. YOUR communications with PLAINTIFF, including all calls and text messages.

15. The DIALING EQUIPMENT that YOU utilized to place calls to PLAINTIFF.

16. The DIALING EQUIPMENT that YOU utilized to place text message calls to PLAINTIFF.

17. YOUR INTERNAL DO NOT CALL LIST, including the location of the list and YOUR use of the list.

18. YOUR handling of DO NOT CALL REQUESTS, including any policies and procedures in place regarding DO NOT CALL REQUESTS.

19. YOUR handling of STOP REQUESTS, including any policies and procedures in place regarding STOP REQUESTS.

20. All PERSONS that YOU called at least once on behalf of or for the benefit of AGENTRA after they submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD.

21. All calls that YOU placed to PERSONS on behalf of or for the benefit of AGENTRA after they submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD.

22. All text message calls that YOU placed to PERSONS on behalf of or for the benefit of AGENTRA after they sent a STOP REQUEST during the RELEVANT TIME PERIOD.

23. All PERSONS that YOU sent at least one text message on behalf of or for the benefit of AGENTRA after they sent a STOP REQUEST during the RELEVANT TIME PERIOD.

24. All DOCUMENTS that YOU produced in response to the Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action that was served on YOU by PLAINTIFF.

**DEFINITIONS**

1. "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2. "DEFENDANT" or "AGENTRA" means and refers to the Defendant in the case, Agentra, LLC, a limited liability company organized and existing under the laws of the State of Texas whose primary place of business is located at 4201 Spring Valley Rd., Suite 1500, Dallas, Texas 75244.

3. "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4. "DO NOT CALL REQUEST" or any similar phrase, means and refers to any communication from a recipient of at least one of YOUR calls that communicated to YOU that the PERSON wanted to stop receiving calls from YOU.

5. "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which information can be obtained.

6. "IDENTIFY" shall mean the following:

    A. When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and

    the name of the registered business associated, owned, or operated, in any capacity by any such person.

  B. When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

7. "INTERNAL DO NOT CALL LIST" means and refers to any internal list of phone numbers YOU maintain of PERSONS who have requested not to be called by YOU together with any written policies and procedures regarding the maintenance and use of any such list.

8. "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9. "PLAINTIFF" means the Plaintiff in this action, Monica Abboud, and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended complaint.

10. "RELEVANT TIME PERIOD" means and refers to the time from January 15, 2015 to the present.

11. "SCP," "YOU," or "YOUR" means and refers to Stellar Communication Partners, Inc. d/b/a Healthcare Enrollment Center a California corporation whose principal place of business and corporate headquarters is located at 999 Corporate Dr., Suite 100, Ladera Ranch, California 92694, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

12. "STOP REQUEST" means and refers to any communication from a recipient of at least one of YOUR text messages that says "STOP," "Stop," "End," "Cancel," "Quit," or any similar language, or any other message that communicated to YOU that the PERSON wanted to stop receiving YOUR text messages.

13. "TCPA" or "Telephone Consumer Protection Act" means and refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*

Case 3:19-cv-00120-K   Document 26-1   Filed 08/19/19   Page 9 of 15   PageID 92

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| Monica Abboud, et al., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:19-cv-00120-K |
| Agentra, LLC, | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stellar Communication Partners, Inc. d/b/a Healthcare Enrollment Center

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Addendum A.

| Place: A mutually agreeable location | Date and Time: 07/30/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/09/2019

*CLERK OF COURT*

OR

_____          /s/ Taylor T. Smith
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Abboud , who issues or requests this subpoena, are:
Taylor T. Smith, Woodrow & Peluso, LLC, 3900 E. Mexico Ave., Suite 300, Denver, Colorado 80210; Tel: 720-907-7628; tsmith@woodrowpeluso.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-00120-K

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ADDENDUM A TO SUBPOENA TO PRODUCE DOCUMENTS TO
STELLAR COMMUNICATION PARTNERS, INC. d/b/a
<u>HEALTHCARE ENROLLMENT CENTER</u>**

Please produce the following documents for inspection and copying on or before July 30, 2019. To the extent that SCP objects to any of the below requests on the basis of privilege, SCP must provide a privilege log and produce any and all non-privileged documents. Defined terms need not be capitalized to retain their defined meanings.

1. All DOCUMENTS sufficient to IDENTIFY the manner by which YOU claim prior express consent was obtained to place telemarketing calls and/or text message calls on behalf of or for the benefit of AGENTRA to PLAINTIFF.

2. All DOCUMENTS sufficient to IDENTIFY all CONSENT LANGUAGE or other disclosures used to obtain any prior express consent to place telemarketing calls or text message calls on behalf of or for the benefit of AGENTRA to PLAINTIFF.

3. All DOCUMENTS sufficient to IDENTIFY all PERSONS who provided prior express consent to be called by YOU on behalf of or for the benefit of AGENTRA in the same manner that was used to obtain any supposed prior express consent to make calls to PLAINTIFF.

4. All DOCUMENTS sufficient to IDENTIFY all PERSONS that YOU called on behalf of or for the benefit of AGENTRA on their cellular telephone during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

5. All DOCUMENTS sufficient to IDENTIFY the number of times that YOU caused each PERSON to be called on behalf of or for the benefit of AGENTRA during the RELEVANT TIME PERIOD—including the date, time, and duration of each call—where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

6. All DOCUMENTS sufficient to IDENTIFY the total number of calls YOU placed on behalf of or for the benefit of AGENTRA to all PERSONS during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to make calls to PLAINTIFF.

7. All DOCUMENTS sufficient to IDENTIFY all PERSONS that YOU sent a text message on behalf of or for the benefit of AGENTRA during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to place texts to PLAINTIFF.

8. All DOCUMENTS sufficient to IDENTIFY the number of times that YOU caused each PERSON to be texted on behalf of or for the benefit of AGENTRA during the RELEVANT TIME PERIOD—including the date and time or each text—where the

        PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to place texts to PLAINTIFF.

9. All DOCUMENTS sufficient to IDENTIFY the total number of text messages that YOU placed on behalf of or for the benefit of AGENTRA to all PERSONS during the RELEVANT TIME PERIOD where the PERSONS provided prior express consent in the same manner that YOU claim any consent was obtained to place texts to PLAINTIFF.

10. All DOCUMENTS in YOUR possession that mention or reference PLAINTIFF.

11. All DOCUMENTS sufficient to IDENTIFY the DIALING EQUIPMENT utilized to place calls to PLAINTIFF.

12. All DOCUMENTS sufficient to IDENTIFY the DIALING EQUIPMENT utilized to place text message calls to PLAINTIFF.

13. All DOCUMENTS sufficient to IDENTIFY all contracts and agreements between YOU and AGENTRA.

14. All DOCUMENTS sufficient to IDENTIFY any and all steps YOU have caused to be taken to comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, including any training of employees.

15. All DOCUMENTS sufficient to IDENTIFY YOUR INTERNAL DO NOT CALL LIST, if any.

16. All DOCUMENTS sufficient to IDENTIFY the location of YOUR INTERNAL DO NOT CALL LIST, if any.

17. All DOCUMENTS sufficient to IDENTIFY any and all PERSONS that YOU called at least once on behalf of or for the benefit of AGENTRA after they submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD.

18. All DOCUMENTS sufficient to IDENTIFY the number of times YOU caused each PERSON to be called on behalf of or for the benefit of AGENTRA after they submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD.

19. All DOCUMENTS sufficient to IDENTIFY the total number of calls YOU caused to be placed on behalf of or for the benefit of AGENTRA to any PERSON after they submitted a DO NOT CALL REQUEST during the RELEVANT TIME PERIOD.

20. All DOCUMENTS sufficient to IDENTIFY any and all PERSONS that YOU sent at least one text message on behalf of or for the benefit of AGENTRA after they sent a STOP REQUEST during the RELEVANT TIME PERIOD.

21. All DOCUMENTS sufficient to IDENTIFY the number of times YOU caused each PERSON to be texted on behalf of or for the benefit of AGENTRA after they submitted a STOP REQUEST during the RELEVANT TIME PERIOD.

22. All DOCUMENTS sufficient to IDENTIFY the total number of text messages YOU caused to be sent on behalf of or for the benefit of AGENTRA to any PERSON after they sent a STOP REQUEST during the RELEVANT TIME PERIOD.

23. All DOCUMENTS sufficient to IDENTIFY any and all oversight or control that AGENTRA possesses over YOUR telemarketing activities.

24. All DOCUMENTS sufficient to IDENTIFY any and all communications between YOU and AGENTRA regarding PLAINTIFF or this lawsuit.

## DEFINITIONS

1. "CONSENT LANGUAGE" means and refers to all words, language, websites, images, terms, or disclosures that were shown, disclosed, or made viewable or available by YOU (or any person acting on YOUR behalf, for YOUR benefit, or in accordance with any agreement with YOU) to any consumer, including any disclosures located on or via any website, webpage, hyperlink, writing, or DOCUMENT, for the purpose of providing YOU with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

2. "DEFENDANT" or "AGENTRA" means and refers to the Defendant in the case, Agentra, LLC, a limited liability company organized and existing under the laws of the State of Texas whose primary place of business is located at 4201 Spring Valley Rd., Suite 1500, Dallas, Texas 75244.

3. "DIALING EQUIPMENT" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the telephone calls and/or text messages in this case, including dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes dialing technology that plays a pre-recorded voice or message. The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema).

4. "DO NOT CALL REQUEST" or any similar phrase, means and refers to any communication from a recipient of at least one of YOUR calls that communicated to YOU that the PERSON wanted to stop receiving calls from YOU.

5. "DOCUMENTS" means and refers to writings, contracts, manuals, papers, drawings, graphs, diagrams, maps, audits and audit results, records, reports, investigations, charts, studies, photographs, sound recordings, images, computer programs, letters, ESI, emails, text messages, contracts, spreadsheets, agreements, data, databases, and any and all other data or data compilations, including without limitation all ESI, Excel files, screen shots, proof of backups, data or other reporting data—stored in any medium from which

      information can be obtained.

6.    "IDENTIFY" shall mean the following:

    A.    When referring to a person, it means to give the person's full name, present address or last known address, additional phone number, and email address, and the name of the registered business associated, owned, or operated, in any capacity by any such person.

    B.    When referring to an entity, it means to give the entity's full name, contact telephone number, and email address, and any name that the entity purports to do business as (d/b/a name), and the type of entity that the business is registered as, including but not limited to business, corporation, limited liability company, professional association, and limited liability partnership.

7.    "INTERNAL DO NOT CALL LIST" means and refers to any internal list of phone numbers YOU maintain of PERSONS who have requested not to be called by YOU together with any written policies and procedures regarding the maintenance and use of any such list.

8.    "PERSON" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9.    "PLAINTIFF" means the Plaintiff in this action, Monica Abboud, and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended complaint.

10.    "RELEVANT TIME PERIOD" means and refers to the time from January 15, 2015 to the present.

11.    "SCP," "YOU," or "YOUR" means and refers to Stellar Communication Partners, Inc. d/b/a Healthcare Enrollment Center a California corporation whose principal place of business and corporate headquarters is located at 999 Corporate Dr., Suite 100, Ladera Ranch, California 92694, including all of its divisions, subsidiaries, related companies, predecessors and successors, and all of its owners, directors, managers, agents, attorneys, affiliates, subsidiaries, employees, contractors, partners, and joint ventures.

12.    "STOP REQUEST" means and refers to any communication from a recipient of at least one of YOUR text messages that says "STOP," "Stop," "End," "Cancel," "Quit," or any similar language, or any other message that communicated to YOU that the PERSON wanted to stop receiving YOUR text messages.