IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MONICA ABBOUD,** *individually and on behalf of all others similarly situated,* § § § | |
| *Plaintiff,* § § | Case No. 3:19-cv-120 |
| v. § § | |
| **AGENTRA, LLC,** § § § | |
| *Defendant.* § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DEADLINES**

Defendant Agentra, LLC ("Defendant") files this Response to Plaintiff Monica Abboud's ("Plaintiff") Motion to Extend Deadlines to Complete Fact Discovery and File Papers Related to Class Certification [Dkt. 35] and would respectfully show as follows:

**LEGAL STANDARD**

The Motion, relying primarily on non-Fifth Circuit caselaw (*see* Mot. 5), fails to articulate the proper standard for modifying a scheduling order.[1]

A movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted).

---

[1] This Court should apply the legal standard set forth by Defendant, specifically the four-factor test discussed below. *See Choice Hotels Int'l Inc. v. Goldmark Hospitality LLC*, No. 3:12-cv-0548-D, 2014 WL 80722, at *2 (N.D. Tex. Jan 9., 2014) ("Goldmark neither identifies the correct standard nor cites Rule 16(b)(4) in its brief, but the grounds on which it relies enable the court to apply the pertinent four-factor test.").

In the Fifth Circuit, a four-factor balancing test determines whether good cause exists, and it examines: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

## ARGUMENT

I.  **Plaintiff's explanation for requesting an extension lacks merit**

Plaintiff fails to specifically explain why an extension of discovery and class certification deadlines is necessary. The Motion contends "Plaintiff has been unable to gather the information needed to move for class certification" [Mot. 5] and alleges certain discovery deficiencies by Defendant, but the proper remedy for that is a motion to *compel*, not a motion to *extend discovery deadlines*. *See Smith v. BCE Inc.*, 225 Fed App'x 212, 217 (5th Cir. 2007) (unpublished) ("A diligent party attempts to compel discovery through the presiding court after opposing counsel unjustly refuses to provide responses."). If courts allowed discovery deadline extensions to remedy deficient discovery responses, parties would be incentivized to withhold discovery deficiencies until the last second to perpetually drag out discovery.[2]

Here, Plaintiff deposed Defendant's 30(b)(6) designee on February 5, 2020 and so could have filed a motion to compel any time between then and February 14, 2020, the current discovery deadline. Plaintiff's decision to pursue a broad extension of deadlines without timely filing a motion to compel establishes her lack of diligence.

---

[2] Relatedly, as further evidence of lack of diligence, Plaintiff has been in possession of Defendant's discovery responses since July 1, 2019.

In a factually similar case, the Southern District of Texas rejected a motion to extend discovery deadlines relying on the same argument Plaintiff raises here, i.e., that "requests for discovery were met by Defendant with insufficient documents." *Hernandez v. Mario Auto Sales Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009). In denying the extension, *Hernandez* cited plaintiffs' failure to timely move to compel as evidence of lack of diligence. *Id*. at 495-96 ("While Plaintiffs allege difficulties in obtaining adequate responses to their discovery requests, they never sought the aid of the Court or filed a proper motion to compel. Thus, Plaintiffs have failed to show sufficient efforts to compel Defendants to produce responsive documents.").

Aside from Plaintiff's failure to timely move to compel, the facts giving rise to the present Motion further undermine the possibility of diligence. On April 12, 2019, this Court originally scheduled the discovery deadline for January 13, 2020 with Plaintiff's Motion for Class Certification due January 30, 2020. [Dkt. 25.] Only after eight months went by did Plaintiff finally notice Defendant's corporate designee for deposition; on December 20, 2019, Plaintiff noticed the deposition of Defendant's 30(b)(6) designee to take place on the *very last day of discovery*, January 13, 2020. [Lin Decl., Ex. A-1.] Plaintiff knew or should have known of the risks of procrastinating discovery until the very end of the timeframe, demonstrating her lack of diligence.

Less than two weeks before the scheduled deposition, on January 2, 2020, Plaintiff's counsel reached out to Defendant's counsel regarding a possible extension of the discovery and class certification deadlines. [Lin Decl., Ex. A-2.] By joint motion filed January 7, 2020, the parties mutually agreed to extend both deadlines by about a month[3] to allow the chance to

---

[3] Under this joint motion, the new discovery deadline fell on February 14, 2020 and the new class certification deadline fell on March 2, 2020. [Dkt. 32, granted by Dkt. 33.]

mediate without expending resources on deposition and class certification. The parties unsuccessfully mediated on January 24, 2020 and Plaintiff deposed Defendant's 30(b)(6) designee on February 5, 2020. [Mot. 3.]

Defendant should not be penalized for its good-faith agreement to extend deadlines in an effort to maximize the chances of a cost-efficient settlement. Had the parties complied with the Court's original Scheduling Order, Plaintiff would not even have the chance to file a timely motion to compel, because the originally scheduled 30(b)(6) deposition fell on the final day of discovery. Instead, Defendant's acquiescence in extending the discovery deadline gave Plaintiff a nine-day window to timely file a motion to compel, a window that went unutilized. This omission forecloses any possibility of diligence.

## II.     The proposed extension lacks importance

Plaintiff only vaguely articulates why her sought-after extension is required, e.g., to "allow the parties to resolve discovery disputes" and "solicit any additional deposition testimony that's required." [Mot. 1-2.] But these generalities fail to meet this second factor, because, as discussed above, the discovery disputes could and should have been addressed by a timely motion to compel, and Plaintiff fails to explain the importance or benefit resulting from any additional deposition testimony. *See Hernandez*, 617 F. Supp. 2d at 496 ("For instance, with respect to Deputy Guerra, the parties do not even attempt to explain either the importance of his potential deposition or why they would be prejudiced if unable to conduct this deposition.")

Despite Plaintiff's failure to provide support for this factor, Plaintiff's proposed extension also lacks importance for two reasons: (1) Plaintiff already filed her Motion for Class Certification [Dkt. 36] and (2) many of the purported discovery deficiencies are either not deficiencies at all or mooted.

As to the latter, Defendant provides amended interrogatory responses concurrent with this Response that address nearly all of the purported discovery deficiencies. [Lin Decl., Ex. A-3.[4]] Any remaining purported discovery deficiencies raised by the Motion lack merit because the Motion misrepresents Defendant's original discovery responses by taking language out of context and attributing responses to the wrong interrogatory number.

For example, the Motion alleges Defendant stated it "does not make any outbound calls or texts" in response to interrogatory Nos. 1, 2, and 5. [Mot. 3.] But this quote never even appears in Defendant's responses to Interrogatory Nos. 1 and 2 and where it does appear, it is taken out of context.[5]

## III. No prejudice will result from denying the extension

Similar to the second factor, because Plaintiff has not explained what she would do with the 60-day extension, no prejudice will result from denying it. *See Hernandez*, 617 F. Supp. 2d at 496 (addressing second and third factors together, and weighing them against extension because the parties failed to explain why they would be prejudiced without additional discovery).

## IV. A continuance would be improper

A continuance is improper where, as here, an extension to the discovery deadline has already been granted. *See id*. at 497 ("A continuance would simply result in additional delay, where the parties have already been granted a ninety-day extension. Furthermore, a continuance

---

[4] The amended interrogatory responses address interrogatory numbers 3-4, 6, 13, and 17-19.

[5] Defendant's actual response to Interrogatory Nos. 3 and 5 was "Defendant does not make any outbound calls or texts to cellphones using the same Dialing Equipment used to call and text Plaintiff where the Person provided prior express consent in the same manner that Defendant claims any consent was obtained to make calls to the Plaintiff." Nothing in the deposition of Defendant's 30(b)(6) designee contradicts this statement for at least the reason that Defendant's designee never testified to the existence of Dialing Equipment "used to call *and* text Plaintiff."

would not prevent future dilatory behavior, nor would it serve to enforce the Court's scheduling order.").

As discussed above, this Court already granted a one-month extension to these same deadlines on January 16, 2020. [Dkt. 33.]

## CONCLUSION

For the reasons set forth above, Defendant requests that this Court deny Plaintiff's Motion to Extend Deadlines to Complete Fact Discovery and File Papers Related to Class Certification.


Dated: March 6, 2020

Respectfully submitted,

*/s/ Andrew Lin*
WILLIAM S. RICHMOND
Texas Bar. No. 24066800
ANDREW LIN
Texas Bar. No. 24092702
LAURA E. BRANDT
Texas Bar. No. 24082369
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75307
Telephone: (214) 559-2700
Facsimile: (214) 559-4390
brichmond@pcrfirm.com
alin@pcrfirm.com
lbrandt@pcrfirm.com

**COUNSEL FOR DEFENDANT AGENTRA, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Agentra, LLC does hereby certify that this pleading was served on counsel of record on March 6, 2020 by electronic filing.

*/s/ Andrew Lin*
ANDREW LIN
