**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:19-cv-00120- |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINES TO COMPLETE FACT DISCOVERY AND FILE PAPERS RELATED TO CLASS CERTIFICATION** |
| AGENTRA, LLC, a Texas limited liability company, | |
| Defendant. | |

As the Court is aware, this lawsuit challenges telemarketing phone calls and text message calls that Agentra, LLC ("Agentra" or "Defendant") placed in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* to Plaintiff Monica Abboud ("Abboud" or "Plaintiff") and other cellphone users. Eager to prevent the case from becoming a class action, Agentra objects to an enlargement of the deadlines for completing class discovery and for moving for class certification because, supposedly, Plaintiff hasn't moved quickly enough to seek the discovery she needs and therefore cannot show good cause for an extension.

This argument fails. While it is true that Defendant served its discovery requests on July 1, 2019, the Rule 30(b)(6) deposition did not occur until February 5, 2020. It was not until the Rule 30(b)(6) deposition that testimony was given that raised significant questions about Agentra's responses to written discovery in this case and highlighted the fact that crucial information has yet to be disclosed by Defendant. One week later, on February 12, 2020,

Plaintiff served a discovery dispute letter Plaintiff served a discovery letter on February 12, 2020 (*see* "February 12, 2020 Discovery Letter," attached hereto as Ex. A.) addressing these issues.

As of the date of the filing of this Reply, Agentra still has not responded to Plaintiff's request in the discovery letter to meet-and-confer regarding the issues which came to light at the deposition. Yet despite this refusal to engage in the meet-and-confer process, Agentra opposes an extension and cites the fact that Plaintiff did not file a motion to compel in the time between the February 5, 2020 deposition and the close of discovery under the existing schedule on February 14, 2020. But Plaintiff could not move to compel without first meeting-and-conferring. (*See* Fed.R.Civ. P. 37(a)(1) "On notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.")

The simple truth is that Agentra apparently refused to conduct a sufficient investigation and to participate in discovery in good faith, and as a result Agentra served incomplete and inaccurate responses to Plaintiff's discovery requests. Plaintiff first discovered the inaccuracies during the Rule 30(b)(6) deposition and sent a discovery dispute letter within one week of the deposition, on February 12, 2020, and filed the instant motion for an extension of time two days after sending the letter, on February 14, 2020 (and three days before the deposition transcript was even complete).  Agentra now claims that this amounts to a lack of diligence which negates good cause. In essence, Agentra attempts to shift the blame for its own failure to provide accurate and complete discovery responses to Plaintiff. The Court should see through such tactics.

On March 6, 2020, apparently realizing its failures, Agentra served amended responses to

2

its interrogatory responses. (*See* "Defendant's First Amended Responses to Plaintiff's First Set

of Interrogatories", attached hereto as Exhibit B.) As explained below, not only do the amended

responses illustrate Agentra's bad faith in serving its first responses, but the amended responses

themselves raise serious questions about the nature of scope of Agentra's investigation and

further support an extension of the discovery and class certification deadlines.

Moreover, ***Agentra itself*** served discovery requests on Plaintiff on March 15, 2020, a

month after the discovery cut-off under the existing schedule. (*See* "Defendant's First Set of

Discovery Requests," attached hereto as Ex. C.) So on one hand Agentra opposes an extension of

the discovery cut-off, claiming that Plaintiff has delayed and that additional time to complete

discovery lacks importance and has no benefit, yet on the other hand Agentra propounded its

own brand-new set of discovery requests for Plaintiff to respond to in the event the Court grants

Plaintiff's requested extension. Again, such gamesmanship should not be allowed to prevail here.

Plaintiff has alleged a class action and should be afforded time to gather facts and

evidence necessary to present the Court with an adequate record upon which it can decide

whether any class should be certified. Defendant shouldn't be allowed to skirt its liability simply

by providing inaccurate discovery responses and then, when those inaccuracies are brought to

light, attempt to run out the clock.

## II.     ARGUMENT

### *The Timeline is Clear: Plaintiff Has Been Diligent and Isn't to Blame for Agentra's Bad Faith Conduct in Discovery*

On April 12, 2019, the Court entered its Class Certification Scheduling Order, which set

an initial discovery cut-off of January 13, 2020. On May 31, 2019, Plaintiff served her first set of

discovery requests. Defendant responded to Plaintiff's written discovery requests on July 1,

2019. These discovery responses, in part, denied that Defendant had any knowledge of any dialing equipment that was used to call and/or text Plaintiff, denied that Defendant had any knowledge of any telephone numbers used to place calls and text message calls to Plaintiff, and denied that Defendant had ever made any calls or text message calls to Plaintiff. (*See* Ex. B.)

Understandably, Plaintiff relied on Agentra's responses to be truthful and complete, given Agentra's responsibilities under the Federal Rules. (*See, e.g.*, Fed.R.Civ. P. 33(b)(3) "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). The fact that Plaintiff did not discover Agentra's failure to comply with its discovery obligations until the Rule 30(b)(6) deposition does not shift the blame for the need for additional time to Plaintiff—if Agentra had responded to discovery in good faith, the information disclosed during the Rule 30(b)(6) deposition and in Agentra's amended discovery responses would have been disclosed in July 2019, not in February and March 2020. And despite this, Plaintiff sent a discovery dispute letter to Agentra within one week of the Rule 30(b)(6) deposition and before the transcript from the deposition was even available.

Indeed, Agentra's amended responses to Plaintiff's interrogatories highlight Agentra's failure to fulfill its discovery obligations as well as the need for additional time. For example, Interrogatory No. 6 asked Agentra to "Identify all telephone numbers that You or any third party acting on Your behalf or for Your benefit utilized to place calls and text message calls to Plaintiff." (*See* Ex. B.) Agentra responded on July 1, 2019 by stating "Defendant objects to this Interrogatory as vague and ambiguous. Defendant objects to this Interrogatory as not proportional to the needs of the case. Subject to this objection, Defendant has no knowledge of any telephone numbers that were utilized to place calls and text message calls to Plaintiff." (*Id.*)

Eight months later, on March 6, 2020, Agentra served an amended response stating "(214) 238-9664".

Likewise, Interrogatory No. 13 asked Agentra to:

Identify and Describe the nature of the calls and text message calls that You or anyone acting on Your behalf, for Your benefit, or in accordance with any contract with You caused to be placed to Plaintiff, including whether the calls featured a live person and a description of the technology used to make the call, including whether it featured an automated or pre-recorded voice.

On July 1, 2019, Agentra responded and stated "Defendant has not made any calls or text message calls to Plaintiff and Defendant has no knowledge of third parties purportedly acting on Defendant's behalf regarding the same." (*See* Ex. B.) Yet eight months later, on March 6, 2020, Agentra stated in an amended response:

Defendant objects to this Interrogatory as vague and ambiguous, as it is unclear what is meant by "text message calls." Subject to this objection, Defendant states as follows:
As part of the enrollment process, any customer enrolling in an insurance product managed or administered by Defendant must electronically sign an enrollment consent document.

The independent contractors who enroll insurance customers (including Plaintiff) notify such customers that their electronic signatures are required to complete the enrollment process, and ask each such customer to provide either an e-mail address or telephone number for the purpose of sending such customer a hyperlink to a website wherein the customer's electronic signature can be recorded. The independent contractors are presented with the below screen in "1Enrollment," a software platform provided by a vendor of Agentra which Agentra's independent contractors use to process enrollments.

The electronic signature link is then delivered to the email address or telephone number voluntarily provided by the customer.

In Plaintiff's case, Plaintiff voluntarily provided her cellular telephone number to the independent contractor to whom she had agreed to purchase insurance (or expressed an interest in purchasing insurance) from, for the purpose of receiving the electronic signature link. She then received a text message consistent with this purpose, as seen below. These text messages are sent by 1Enrollment via Twilio.

(*See* Ex. B.)

At the end of the day, it is not Plaintiff's fault that Defendant's discovery responses were sent without a reasonable investigation into the requests being conducted and with omissions and inaccuracies. The modest extension of time Plaintiff seeks will afford Plaintiff the opportunity to meet-and-confer with Agentra regarding these issues, file a motion to compel if necessary, and allow the Court to make a determination on class certification on a complete record.

### *Agentra's Amended Interrogatory Responses Raise Additional Questions About the Diligence of Agentra's Search And Fail To Cure Issues With Its Responses to The Requests to Produce And Requests to Admit*

Putting aside the issue of Defendant's initial diligence (or, more accurately, lack of diligence), the amended interrogatory responses served on March 6, 2020 raise additional questions, which further supports an extension. For example, Interrogatory No. 4 asks Agentra to:

> Identify the total number of Persons that You of any third party acting on Your behalf or for Your benefit caused to be called or texted on their cellular telephones where the Person provided prior express consent in the same manner that You claim any consent was obtained to make calls to the Plaintiff.

(*See*. Ex. B.) Agentra initially responded on July 1, 2019 by stating:

> Defendant objects to this Interrogatory as vague and ambiguous and not relevant to any party's claim or defense as it presumes that Defendant has raised prior express consent as a defense. Defendant objects to this Interrogatory as not proportional to the needs of the case.
>
> Defendant does not make any outbound calls or texts to cellular telephones where the Person provided prior express consent in the same manner that Defendant claims any consent was obtained to make calls to the Plaintiff.

(*See id.*) On March 6, 2020, Agentra served an amended response stating "The total number of Persons is 1." It is entirely unclear what sort of search lead Agentra to conclude that only one

person (presumably Plaintiff) received one of Agentra's text messages after supposedly consenting in the same way Plaintiff did. Indeed, it is difficult the rectify the amended response to Interrogatory No. 4 with the amended response to Interrogatory No. 13, discussed above. In its amended response to Interrogatory No. 13, Agentra in essence states that each consumer is supposedly asked by a third-party caller to provide an e-mail address or telephone number, that the third-party callers are supposedly presented with a screen in 1Enrollment to input the e-mail address or telephone number supposedly provided by the consumer, and that the e-mail or text message is then sent by 1Enrollment via Twilio. In other words, this is Agentra's theory of consent for the text messages. If so, how can the total number of persons who supposedly provided consent in this way and who received the text message from Agentra's 1Enrollment portal via Twilio be one? This is one of many issues that need to be sorted out, which Plaintiff's requested extension would allow the Parties to do.

Moreover, though Agentra did serve amended interrogatory responses, it has not served amended responses to the requests to produce and requests for admission and there are significant issues with those responses as well. For example, Request for Admission No. 3. Asks Agentra to "Admit that You or a third party acting on Your behalf or for Your benefit sent the text message calls to Plaintiff that have been produced and bates labeled ABBOUD0000001-ABBOUD000003" (*See* "Responses to Request to Admit, attached hereto as Ex. D.) Defendant denied this request for admission, which is contradicted by both the deposition testimony and its own amended interrogatory responses. Likewise, Request to Produce No. 4 asks for "All Documents sufficient to Identify the Dialing Equipment utilized to place text message calls to Plaintiff". (*See* "Responses to Requests to Produce", attached hereto as Ex. E.) Agentra

7

responded "None," which again is contradicted by the amended interrogatory responses which state that Plaintiff received a text from Agentra's 1Enrollment portal via Twilio.

All told, Plaintiff's February 12, 2020 discovery dispute letter raises issues with eleven of Agentra's interrogatory responses, nine of Agentra's requests to produce responses, and eleven of Agentra's responses to the requests for admission. (*See* Ex. A.) Plaintiff's Motion should be granted so that her counsel can meet-and-confer with Agentra's counsel regarding the deficiencies, file a motion to compel if necessary, and allow the Court to rule on class certification on a complete record.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion, extend the discovery cut-off and the deadline for plaintiff to file her motion for class certification, and provide such additional relief as the Court deems necessary and just.

Dated: March 20, 2020                    Respectfully Submitted,

By:   /s/ Patrick H. Peluso
        One of Plaintiff's Attorneys

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Robert B. Kleinman
robert@commonsensecounsel.com

Breanne Cope
breanne@commonsensecounsel.com
Common Sense Counsel LLP
404 West 7th Street
Austin, Texas 78701
Telephone: (512) 299-5329
Facsimile: (512) 628-3390

Brooke Frances Cohen
brookefcohen@gmail.com
4334 University Blvd
Dallas, TX 75205
Telephone: (214) 384-0537

*Attorneys for Plaintiff and the Class*

*\* Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date indicated below, the foregoing document (and any attachments or accompanying documents) was served via the Court's electronic filing system to all counsel of record.

Date: March 20, 2020

/s/ Patrick H. Peluso