# EXHIBIT A

February 12, 2020

*Via Electronic Mail to*:

**Bill Richmond**
Email: brichmond@pcrfirm.com
**Andrew Lin**
Email: alin@pcrfirm.com
Platt Cheema Richmond PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207

      Re:    *Abboud v. Agentra, LLC*, **Case No. 3:19-cv-00120**

Dear Counsel:

This letter addresses deficiencies in Agentra's discovery responses served in this case.

*Responses* – **Interrogatories, Set No. 1**

**INTERROGATORY NO. 3:** This interrogatory seeks the identity of all Persons who Agentra or any third party acting on Agentra's behalf caused to be called and/or texted on their cellphones using the same dialing equipment used to call or text Abboud where any supposed consent was provided in the same manner that Agentra claims consent was obtained from Abboud. Agentra responds by saying "Defendant does not make any outbound calls or texts . . .". However, at the 30(b)(6) deposition, Agentra's designee admitted that the below texts were sent by Agentra using Agentra's "CRM" system. Therefore, Agentra's response to this interrogatory is wholly inconsistent with the designee's testimony and must be supplemented without delay.



**INTERROGATORY NO. 4:** Similar to interrogatory No. 3, this interrogatory seeks the total number of persons who Agentra or any third party acting on Agentra's behalf caused to be called and/or texted on their cellphones where any supposed consent was provided in the same manner that Agentra claims consent was obtained from Abboud. Again, Agentra responds by saying "Defendant does not make any outbound calls or texts . . .". However, at the 30(b)(6) deposition, Agentra's designee admitted that the below texts were sent by Agentra using Agentra's "CRM" system. Therefore, Agentra's response to this interrogatory is wholly inconsistent with the designee's testimony and must be supplemented without delay.

**INTERROGATORY NO. 5:** In response to this interrogatory, Agentra incorporated its response to interrogatory No. 3. For the reasons stated above, Agentra's response must be supplemented without delay.

**INTERROGATORY NO. 6:** In response to this interrogatory, Defendant states that it "has no knowledge of any telephone numbers that were utilized to place calls and text message calls to Plaintiff". As stated above, Agentra's designee admitted that it sent texts to Plaintiff using Agentra's "CRM" system. The response is therefore inaccurate and must be supplemented without delay.

**INTERROGATORY NO. 13:** In response to this interrogatory, Defendant states "Defendant has not made any calls or text message calls to Plaintiff . . .". Based on the testimony, this is inaccurate and must be supplemented without delay.

**INTERROGATORY NO. 14:** Please confirm that all responsive business records have been produced and that there are no other records in Defendant's possession, custody, or control that identify and describe its efforts to comply with the TCPA.

**INTERROGATORY NO. 15:** Please confirm that all responsive business records have been produced and that there are no other records in Defendant's possession, custody, or control that identify and describe guidelines provided to Downline Agents or other third parties regarding telemarketing activities.

**INTERROGATORY NO. 16:** Please confirm that all responsive business records have been produced and that there are no other records in Defendant's possession, custody, or control that identify and describe oversight of Downline Agents or other third parties regarding telemarketing activities.

**INTERROGATORY NO. 17:** This interrogatory asks Agentra to identify and describe all telephone calls and text messages that it, a downline agent, or any other third party acting on Agentra's behalf placed to Plaintiff including the date, time, duration, substance, and purpose of each call and text as well as the number of such calls/texts. Agentra responds by saying "Defendant has no knowledge of any telephone calls or text message calls that were placed to Plaintiff, whether by Defendant or any purposed third party acting on Defendant's behalf". As stated above, Agentra's designee admitted that it sent the 1enrollment texts to plaintiff using its CRM system, so the response to this interrogatory is inaccurate, incomplete, and must be supplemented without delay.

**INTERROGATORY NO. 19:** Defendant responds to this interrogatory by saying that it "has no knowledge regarding what Dialing Equipment was utilized to place calls and text message calls to Plaintiff". This is inaccurate based on the designee's testimony that the 1enrollment texts were sent to Plaintiff using its CRM system, and the response must be supplemented without delay.

**INTERROGATORY NO. 20:** Please supplement this response to identify and describe all internal investigations that are not subject to the attorney-client privilege or work-product doctrine, or confirm that no such investigations were conducted by anyone other than Agentra's attorneys.

*Responses* – **Requests to Produce**

**RTP 1-2:** Please confirm that Agentra has no documents evidencing the manner by which it claims Plaintiff consented to telemarketing calls and/or text message calls or documents evidencing all others who consented in the same manner.

**RTP 4:** This request seeks all documents sufficient to Identify the Dialing Equipment utilized to place text message calls to Plaintiff. Agentra responds none, which is curious considering Agentra's designee testified that texts were sent via its internal CRM system. All responsive documents must be produced without delay.

**RTP 8-9:** Agentra must produce all documents sufficient to identify all persons who were sent a text message from Agentra's CRM system after providing supposed consent in the same manner that you claim Abboud consented, along with the number of times each person was texted, without delay.

**RTP 14:** Agentra must produce all documents sufficient to Identify all text messages it sent Plaintiff without delay.

**RTP 15:** Please confirm that Defendant has produced all documents in its possession, custody, or control that identify its steps to comply with the TCPA, including the training of its employees.

**RTP 16:** Please identify which documents are supposedly responsive to this request, as well as confirming that Defendant has produced all responsive Documents in its possession, custody, or control.

**RTP 32:** Please produce all responsive documents that are not protected by the attorney-client privilege or work-product doctrine, or confirm that no such documents exist. Please also provide a privilege log.

*Responses* – **Requests for Admission**

**REQUEST FOR ADMISSION 1:** Please explain your contention that Abboud subscribed to certain insurance policies marketed by independent contractors of Defendant.

**REQUEST FOR ADMISSION 2-11:** Please be prepared to explain the denials on these requests in light of the 30(b)(6) testimony.

*       *       *       *       *       *

Counsel, it is our sincere hope that we can resolve these issues without needing to involve the Court. As such, we eagerly await your providing dates prior to February 19, 2020 when we may meet and confer by telephone.

All the best,

/s/ Patrick Peluso

Patrick H. Peluso