IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff*, § § § | Case No. 3:19-cv-120 |
| v. § § | |
| AGENTRA, LLC, § § | |
| *Defendant.* § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant Agentra, LLC ("Defendant") files this Response to Plaintiff's Motion for Class Certification ("Motion") [Dkt. 36] and would respectfully show as follows:

## INTRODUCTION

To certify her Proposed Classes, Plaintiff bears the burden of satisfying numerous elements, including class ascertainability and the stringent requirements of Federal Rule of Civil Procedure 23. Plaintiff's Motion for Class Certification [Dkt. 36] fails to carry her burden for both classes and thus should be denied.

## FACTUAL BACKGROUND

Defendant "is a Texas based insurance agency that provides benefit enrollment and premium collection." [Ex. A, Dale Dep. Tr. at 59:16-20 (Appx. 16).] Defendant does not underwrite or sell its own insurance policies, nor does it have any solicitation contact with the general public. [*Id*. at 46:22-47:12 (Appx. 8-9).] Essentially, Defendant functions as a middleman between the insurance companies that underwrite insurance policies ("carriers") and the third party-independent contractors which market those policies to the general public (hereinafter, "sales

agents").[1] Defendant's contractual relationships with these sales agents are not "captive" or "exclusive," indicating that the sales agents are free to concurrently sell insurance policies for companies other than Defendant. [*Id*. at 40:12-23. (Appx. 7).]

Consistent with their independent contractor status, Defendant does not control or even suggest what means of communications sale agents should use; at bottom, the sales agents all "run their own business[es]." [*Id.* at 84:12-13 (Appx. 12).] Some market face-to-face, others rely on telemarketing, while others focus on marketing to employers to enroll groups as opposed to individuals. [*Id.* at 89:14-23; 90:22 (Appx. 15-16).] Consistent with their freedom to operate their own businesses, some sales agents choose to engage with vendors to increase productivity.

Here, Plaintiff contends two sales agents contracted with Agentra (Health Care Enrollment Center and Life and Health Insurance Services) or their sub-dealers, vendors, lead generators, or agents (hereinafter the "Sales Agents") made robodialed calls in violation of the Telephone Consumer Protection Act codified at 47 U.S.C. § 227 ("TCPA"). Mot. 8 (Agent Class).

An exemplary diagram illustrating the relationship between Agentra, the sales agents, and the agents' vendors follows:

---

[1] These independent contractors are referred to as "sales agents" in the industry, but this language is not intended to indicate any agency relationship in the legal context.



Emphasized by this diagram is that each independent sales agent can and likely does contract with Agentra's competitors. [*See* Ex. A, Dale Dep. Tr. at 92:5-10 (Appx. 18) ("There's a lot of competitors. Some, a lot larger than … Agentra").]

As a consequence, when a sales agent reaches a prospective customer via telephone, the sales agent does not even know what product (i.e., one administered by Agentra versus one of Agentra's competitors) he or she would sell without first speaking to the customer. [*See id*. at 92:15-24 (Appx. 18) (a sales agent "usually will go through a needs assessment of what [a potential customer is] looking for, could be a dental plan, could be a medical plan, could be a prescription plan. [A sales agent] may have those products with various different companies.")]

If the prospective customer indicates interest in an Agentra product, the sales agent inputs that customer's information into Agentra's software platform for onboarding customers, known as 1Enrollment. [*Id*. at 56:5-10 (Appx. 11) ("The consumer gives the agent their demographic

information…").] To complete the enrollment, an electronic signature is required. [*Id.* at 55:14-20 (Appx. 10).] This electronic signature is accomplished by having the prospective customer access a unique website link that is delivered via text message or email. [*Id.* at 55:16-20.]

For text message delivery of electronic signature links, Agentra informs its agents that they must inform the customers that such text messages will be sent. [*Id.* at 56:17-20 (Appx. 11).] After the consumer's information is submitted by the sales agent into 1Enrollment, a text message is sent by 1Enrollment containing the hyperlink for electronic signature. Plaintiff contends this text message requesting a consumer's electronic signature violates the TCPA. Mot. 7 (Text Class).

## ARGUMENT

At the outset, Plaintiff confusingly groups her Proposed Classes together. Defendant's Response addresses each Proposed Class separately for clarity.

**A.     Agent Class**

The "Agent Class" covers all persons in the United States who from January 15, 2015 through the date notice is sent, the Sales Agents "called, on the person's cellular telephone, for the purpose of promoting Agentra's insurance products or that could have resulted in the purchase of an Agentra insurance product, using the same equipment as was used to call Plaintiff."[2] Mot. 8.

As set forth below, the Agent Class is not ascertainable and does not meet the requirements of Rule 23(b)(3).

**1.     The Agent Class is not ascertainable.**

At the outset, the Agent Class is amorphous and imprecise on its face because it depends on the subjective intent of a sales agent. As explained above, the sales agents contracted with Agentra are not captive agents, and may sell any number of insurance products upon reaching a

---

[2] Defendant does not contend that prior express written consent impacts certification of the Agent Class, and so that language describing the Agent Class was omitted.

customer. This renders it impossible to determine with any objective precision whether an agent called "for the purpose of promoting Agentra's insurance products." *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 n.3 (5th Cir. 2007) ("a class must not only exist, the class must be susceptible of precise definition. There can be no class action if the proposed class is 'amorphous' or 'imprecise.'") (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.21[1], at 23–47 (Matthew Bender 3d ed. 1997)). For this reason alone, the Agent Class should not be certified.

Nevertheless, Plaintiff contends the Agent Class can be ascertained because "Agentra can review its database to isolate which persons were added to the database by Health Care Enrollment Center or Life and Health Insurance Services." Mot. 8.

This argument fails because the persons added to Agentra's 1Enrollment database by Health Care Enrollment Center or Life and Health Insurance Services bear little to no resemblance to the Agent Class—the persons "called, on the person's cellular telephone, for the purpose of promoting Agentra's insurance products or that could have resulted in the purchase of an Agentra insurance product, using the same equipment as was used to call Plaintiff." Mot. 8.

This assertion is proven by comparing the information in Agentra's 1Enrollment database to each limitation of the Agent Class, one at a time.

*First*, Agentra's database does not identify whether an individual was called on his or her cellular telephone.

*Second*, Agentra's database only has information for persons meeting these two conditions: (1) if the consumer voluntarily provides information to the sales agent *and* (2) if the sales agent enters it into Agentra's database, as opposed to the database of an Agentra competitor. [*See* Ex. A, Dale Dep. Tr. at 56:5-13 (Appx. 11) (describing process of how consumer gives information to

agent, who then submits it to Agentra's database).] In other words, Agentra's database only has information for consumers that enrolled in an Agentra product. Agentra's database cannot identify consumers with no interest in purchasing health insurance at all, or who were interested in a different company's insurance product. But the Agent Class is not equally limited, extending to all persons called for the purpose of promoting Agentra's insurance products or that could have resulted in the purchase of an Agentra insurance product. Thus, Defendant's database cannot be used to ascertain the Agent Class.

*Lastly*, Agentra's database cannot identify what dialing equipment was used to call the consumer. Given that Agentra does not tell the sales agents how to run their businesses, the sales agents in turn do not inform Agentra what sort of dialing equipment they use to make phone calls. This means the database (and by extension, Plaintiff) cannot identify which persons were called "using the same equipment as was used to call Plaintiff."

Recognizing the challenges in ascertaining the Agent Class, Plaintiff attempts to deflect her deficiencies by arguing "Agentra should not be permitted to rely in any way on its own failure to maintain adequate records as a basis for denying certification." Mot. 9. But Agentra has in no way failed to maintain adequate records. Here, the records needed to ascertain the class, to the extent they even exist, would be maintained by the Sales Agents, not Agentra, because Agentra has no ability or incentive to track every single person contacted by the Sales Agents, nor would they even agree to that level of surveillance. [*See* Ex. A, Dale Dep. Tr. at 75:9-13 (Appx. 13) (sales agents consider their lead sources confidential).]

    **2.**    **The Agent Class fails to meet Rule 23(a) and Rule 23(b)(3) predominance.**

This Response packages its challenges to commonality and typicality together with the more exacting Rule 23(b)(3) predominance requirement, consistent with Fifth Circuit precedent. *See Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008) ("Since the thresholds

for commonality and typicality under Rule 23(a) are not high, we will assume that Rule 23(a) is satisfied and turn to evaluate the parties' arguments against the more exacting demands of Rule 23(b)(3).")

"A party seeking class certification under Rule 23(b)(3) … must demonstrate both "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id*. at 325-26 (citing FED. R. CIV. P. 23(b)(3)).

"The predominance inquiry requires a court to consider 'how a trial on the merits would be conducted if a class were certified.'" *Id*. at 326 (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003)). "This, in turn, entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Id*.

When Rule 23 is applied to the TCPA, the Fifth Circuit holds Plaintiff "must advance a viable theory employing generalized proof to establish liability with respect to the class involved, and it means too that district courts must only certify class actions filed under the TCPA when such a theory has been advanced." *Id*. at 328.

Here, the parties appear to agree that the substantive issues controlling the outcome of the Agent Class are: (1) whether the third-party sales agents violated the TCPA, i.e., whether their "dialing systems constitute an ATDS" and (2) whether Agentra is vicariously liable. *See* Mot. 12.

It is Plaintiff's burden to demonstrate a viable theory employing generalized proof for both issues. *See Gene & Gene LLC*, 541 F.3d at 325 ("it is the party seeking certification that bears the

burden of establishing that the requirements of Rule 23 have been met.") Plaintiff has not met her burden.

Although Plaintiff conflates her typicality, commonality, and predominance arguments between her two Proposed Classes, she appears to rely on this conclusory allegation for the Agent Class: "She received the same … calls from [Defendant's sales] agents that everyone else received." Mot. 14. This conclusory allegation falls short of the "viable theory employing generalized proof" demanded by the Fifth Circuit—Plaintiff presents no viable theory employing generalized proof, e.g., evidence supporting that all persons in the Agent Class were called in a similar fashion. The very definition of this class, which encompasses persons called by at least two different parties, implies the opposite.

Further, this conclusory allegation is undermined by the testimony that the sales agents "run their own business[es]" and do not exclusively market for Defendant. [*See* Ex. A, Dale Dep. Tr. at 84:12-13 (Appx. 14).]

   **3. The Agent Class fails to meet the superiority requirement of Rule 23(b)(3).**

The Agent Class also fails to meet the superiority requirement because of Rule 23(b)(3)(D), the factor addressing "the likely difficulties in managing a class action."

This factor "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

The administrative burden and difficulty in this particular case are substantial, and stem from the issues previously raised with respect to ascertainability. Critically, Plaintiff fails to explain how she would identify proposed class members not in Agentra's database or whether a proposed class member was called on a cellular telephone.

Plaintiff's sole argument here is simply "a class wouldn't be unmanageable." Mot. 18. This conclusory statement fails to meet her burden and so class certification should be denied.

**B.     Text Class**

The "Text Class" covers all persons in the United States who from January 15, 2015 through the date notice is sent, "received one or more text messages on their cellular telephone, via Agentra's CRM system, for the same purpose as the text messages at issue were sent to Plaintiff, and for whom Agentra has no record of prior express consent."

As set forth below, the Text Class does not meet the requirements of Rule 23(b)(3).

**1.     The Text Class fails to meet Rule 23(a) and Rule 23(b)(3) predominance.**

As before, the Response packages its challenges to commonality and typicality together with the more exacting Rule 23(b)(3) predominance requirement, consistent with Fifth Circuit precedent. *See Gene & Gene LLC*, 541 F.3d at 325.

Here, the parties agree that the substantive issues controlling the outcome of the Text Class are: (1) "whether [1Enrollment] constitutes an automatic telephone dialing system … under the TCPA" and (2) "whether Agentra had prior express consent to place the text messages at issue." Mot. 12.

But for the latter issue of prior express consent, Plaintiff cannot demonstrate a viable theory of class-wide proof as required in the Fifth Circuit. *See Gene & Gene LLC*, 541 F.3d at 328.

*Gene & Gene LLC*, which involved faxes instead of text messages, is instructive. There, the Fifth Circuit reversed the lower court's class certification that failed to explain "how the common course of conduct it described [fax blasting] would affect a trial on the merits." *Id*. at 326. The issue there was "whether [defendant's] fax advertisements were transmitted without the prior express invitation or permission of each recipient. Thus, the predominant issue of fact is undoubtedly one of *individual* consent." *Id*. at 327 (emphasis in original).

The plaintiff there relied on the fact that "all of the faxes were sent in accordance with the same procedure" so "individual determinations are unnecessary." *Id*. at 328. In contrast, the defendant argued that "because the evidence shows that the recipients' fax numbers were collected over time and from a variety of sources, individual inquiries of the recipients are necessary to sort out which transmission was consented to and which was not." *Id*. The Fifth Circuit sided with the defendant, concluding that the plaintiff failed to identify any "*sensible* method of establishing consent or the lack thereof *via class-wide proof.*" *Id*. at 329 (emphasis added).

Here, Plaintiff relies on a nearly identical argument—that "[s]he received the same texts from the defendant … that everyone else received. The claim is that the defendant acted the same way as to all putative class members." Mot. 14.

But just like the plaintiff in *Gene & Gene LLC*, Plaintiff's argument here falls short because the issue of prior express consent for the text messages sent by 1Enrollment depends on each individual consumer's conversation with the sales agent.

As explained by Defendant's corporate representative, the independent sales agent, "as part of the enrollment process, advises the consumer that they will receive a text message or e-mail from Agentra with an enrollment confirmation to … digitally sign the agreement." [Ex. A, Dale Dep. Tr. at 55:16-20 (Appx. 10).] And although certain parts of the sales agents' conversations with customers are required to follow a script, this relates to disclosures of the actual insurance products mandated by the insurance carriers, not consent for receiving the text message containing an electronic signature link. [*See id*. at 37:15-38:9; 91:12-92:4 (Appx. 5, 17-18).]

At bottom, Plaintiff has not presented a "method of establishing consent or the lack thereof via class-wide proof" the Fifth Circuit demands, and so class certification must be denied. *Gene & Gene LLC*, 541 F.3d at 329.

## CONCLUSION

WHEREFORE, Defendant requests that this Court deny Plaintiff's Motion for Class Certification and grant to Defendant all relief at law and equity to which it is entitled.

Dated: March 23, 2020                             Respectfully submitted,

*/s/ Andrew Lin*
ANDREW LIN
alin@pcrfirm.com
Texas Bar. No. 24092702
WILLIAM S. RICHMOND
brichmond@pcrfirm.com
Texas Bar. No. 24066800
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75307
Telephone: (214) 559-2700
Facsimile: (214) 559-4390

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Agentra, LLC does hereby certify that this pleading was served on counsel of record on March 23, 2020 by electronic filing.

*/s/ Andrew Lin*
Andrew Lin