UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:19-CV-00120-X |
| AGENTRA, LLC, | § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Monica Abboud alleges that Agentra, LLC, a Texas-based insurance agency, violated the Telephone Consumer Protection Act by using an automatic telephone dialing system to solicit Monica Abboud.  Abboud claims that after asking an Agentra representative to place her on a "do not call" list, she continued receiving unsolicited calls and at least one text message from Agentra.  Abboud claims Agentra subjects many others to this purportedly vexatious behavior, and so she seeks to certify a class.

Before the Court are Abboud's motion to extend the deadlines for discovery and class certification [Doc. No. 35], as well as a motion for class certification [Doc. No. 36].  Under Fifth Circuit precedent, a discovery extension is not warranted.  Furthermore, Abboud has already submitted a motion for class certification.  And so the Court **DENIES** Abboud's motion to extend discovery and to extend the class certification deadline.  But because Abboud satisfies the factors required by the

1

Supreme Court and Fifth Circuit for class certification, the Court **GRANTS** Abboud's motion for class certification.

## I. Background

Agentra is a health insurance company headquartered in Dallas and incorporated in Texas.  When marketing for new business, Agentra uses recorded voice messages and text messages through a telemarketing system.  Monica Abboud is a resident of Houston, Texas.  She alleges that she received several unsolicited phone calls and at least one text message from Agentra.  She further alleges she spoke with someone at Agentra and asked to be placed on Agentra's "do not call" list.  After making this request, Abboud says Agentra continued to contact her—now in violation of 47 U.S.C § 227, the Telephone Consumer Protection Act.

Abboud seeks to represent a class of people similarly affected by Agentra.  She asserts there are two classes of plaintiffs: an "agent class" and a "text class."  The text class is defined as any person in the United States who, from January 15, 2015 to the date notice is sent to the class, received one or more text messages from Agentra in the same manner as Abboud.  The agent class is classified as any person in the United States who, from January 15, 2015 to the date notice is sent to the class, was called on their cellular telephone by Agentra to promote insurance products using the same equipment as was used to call Abboud.

## II. Abboud's Motion to Extend Deadlines

### A.  Legal Background

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[1]  "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2]  To determine if there is good cause warranting modification, the Fifth Circuit uses a four-part analysis, examining: (1) the explanation for the failure to complete discovery on time; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.[3]  Further, the Fifth Circuit empowers district judges to control their dockets by refusing to give ineffective litigants a second chance to develop their case.[4]

### B. Analysis

Abboud seeks a 60-day extension for discovery and class certification.  Agentra opposes the request.  Agentra asserts that Abboud already had adequate time for discovery, and that because Abboud already moved for class certification any alleged discovery deficiencies are either moot or not actually deficiencies.

The Court has already granted one unopposed motion for an extension of discovery and time to certify the class.  The original discovery deadline was

---

[1] FED. R. CIV. P. 16(b)(4).

[2] *Leza v. Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012) (per curiam).

[3] *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

[4] *Id.* at 258.

January 13, 2020, and the original class-certification deadline was January 30, 2020. The Court extended discovery to February 14, 2020 and class certification until March 2, 2020. Abboud's apparent need for an extension appears to be because she delayed serving a deposition notice on Agentra's corporate designee. Abboud waited until December 20, 2019 to serve the notice of deposition, and then scheduled the deposition to take place on January 13, 2020—the last day of the original discovery period. Knowing the deposition would take place that day, and that new information could come out of the deposition, both parties agreed to extend discovery to February 14, 2020 and the class-certification deadline to March 2, 2020.

For this second deadline-extension request, the Court applies the Fifth Circuit's four-factor test. Under the first factor, Abboud's explanation of why she needs a discovery extension appears to arise from her procrastination. The second factor, the importance of the modification, weighs against an extension as well. It is unclear to the Court what Abboud hopes to gain by having more time for discovery other than a chance to make up for a lack of diligence. The third consideration also weighs against an extension because it does not appear that Abboud will be prejudiced by the Court enforcing the parties' agreed-upon, and already extended, discovery period. An extension, however, could prejudice Agentra by subjecting it to further discovery requests. And so the fourth factor—whether an extension could cure any prejudice—necessarily dictates against an extension as well. Therefore, the Court concludes that an extension would be improper.

This case is similar to *Torres v. Liberto Manufacturing Co.,*[5] where the plaintiff waited until the last day of discovery to schedule a deposition and then sought a discovery extension.[6]  The district court in *Torres* also denied the plaintiff's motion to extend discovery, explaining that the plaintiff had months to schedule a deposition but was not diligent.[7]   Similarly, the Court finds that Abboud has not diligently pursued discovery and an extension would be improper.  As for the class-certification deadline, Abboud already moved for class certification on the agreed deadline of March 2, 2020, which makes an extension request for the class-certification deadline moot.   For both these reasons, the Court **DENIES** Abboud's deadline-extension motion.

### III. Abboud's Motion for Class Certification

#### A.  Legal Background

In order to certify a class, plaintiffs must prove Federal Rule of Civil Procedure 23(a)'s four requirements: "[1] numerosity, [2] commonality of issues, [3] typicality of the class representatives' claims in relation to the class, and [4] adequacy of the class representatives and their counsel to represent the class."[8]   "Plaintiffs also must satisfy at least one of the requirements of Rule 23(b)."[9]   The Fifth Circuit further

---

[5] 67 F. App'x 252, 2003 WL 21195924 (5th Cir. May 12, 2003).  The Court acknowledges *Torres* is unpublished and is not precedent outside of limited circumstances.  *See id.* at n*.  To the extent *Torres* is also not binding on district courts, this Court considers *Torres* to be persuasive authority.

[6] *Id.* at *1.

[7] *Id.*

[8] *Ahmad v. Old Republic Nat'l Title Ins. Co.*, 690 F.3d 698, 702 (5th Cir. 2012) (citing FED. R. CIV. P. 23(a)).

[9] *Id.*

requires that "the class sought to be represented must be adequately defined and clearly ascertainable."[10] "However, the court need not know the identity of each class member before certification; ascertainability requires only that the court be able to identify class members at some stage of the proceeding."[11]

Regarding the first requirement, there is not a threshold number that makes a class so numerous that joinder would be impossible.[12] The Fifth Circuit has implied, however, that a class of over forty people will suffice.[13]

The test for the second element—commonality—is "not demanding and is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members."[14] Plaintiffs must show that

> Their claims must depend upon a common contention, and the common contention must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.[15]

The third element—typicality—requires similarity between the named plaintiffs' claims and "the theories of those whom they purport to represent."[16]

---

[10] *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012).

[11] *Frey v. First Nat'l Bank Sw.*, 602 F. App'x 164, 168 (5th Cir. 2015).

[12] *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999).

[13] *Id.*

[14] *Id.* at 625.

[15] *Ahmad*, 690 F.3d at 702.

[16] *Mullen*, 186 F.3d at 625.

The fourth, and final, requirement—adequacy—requires the representative parties to "fairly and adequately protect the interests of the class."[17] According to the Fifth Circuit, the adequacy component requires the Court to inquire into: "(1) the zeal and competence of the representatives' counsel and . . . (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees."[18]

Additionally, when a class action seeks money damages, the Court must make additional findings of predominance and superiority under Rule 23(b)(3).[19] The Court must determine that (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[20] To determine whether the plaintiffs can meet the predominance standard of Rule 23(b)(3), the Court must consider "how a trial on the merits would be conducted if a class were certified."[21] This "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of

---

[17] FED. R. CIV. P. 23(a)(4).

[18] *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).

[19] *Id.* at 479 n.5.

[20] *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 555 (5th Cir. 2011).

[21] *Id.*

individual trials."[22]   "Determining whether the superiority requirement is met requires a fact-specific analysis and will vary depending on the circumstances of any given case."[23]   Ultimately, the Court must determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."[24]

## B.  Analysis

Abboud moves to certify a class that Agentra allegedly affected in a similar manner as it allegedly affected Abboud.  Agentra opposes class certification, claiming that the agent class is not ascertainable, does not have claims that predominate, and fails to meet the superiority requirement.  Agentra also asserts that the text class does not have claims that predominate.

The Court finds that the two proposed classes—the agent class and the text class—appear ascertainable and that the four threshold requirements appear to be met for both classes.  Members who qualify for either the text class or the agent class will be ascertainable due to proof they will be required to present to establish their position in the class.  Agentra claims that ascertaining the agent class is subjective, not objective.  But potential class members could present phone bills, or other forms of proof, showing that phone numbers used by Agentra called their phone.  If the potential class members then signed affidavits saying they had never given Agentra permission to solicit them, and Agentra could not offer proof to the contrary, it would

---

[22] *Id.*

[23] *Id.*

[24] *Mullen*, 186 F.3d at 627.

objectively give rise to the likelihood that the potential class members did not consent to the call.  Similarly, the text class could provide documentation in the form of a picture of the text message, a record from a cell phone bill, or some other objective proof.  Therefore, the class appears objectively ascertainable.

Turning to the numerosity requirement, Abboud alleges that there are thousands of class members, making joinder of all the parties impossible. This satisfies the Fifth Circuit's numerosity requirement, which it suggested is a class of at least over forty individuals.

Abboud also appears to meet the commonality requirement.  The members falling into the text and agent classes will all benefit if the Court finds that Agentra did use an automatic telephone dialing system or willfully acted to contact individuals without their consent or against their wishes.

Abboud's claims also appear typical of other class members' claims.  If a potential class member qualifies for the text or agent class, both of which Abboud is a member, then the claims would likely be identical and, thus, typical.

Abboud also meets the fourth requirement—adequate representation. According to the biography that Abboud's counsel provided, Woodrow Peluso appears able to handle the duties required by a class-action lawsuit.  Woodrow Pelus claims it has handled numerous consumer class actions, including Telephone Consumer Protection Act cases, and knows how to effectively manage cases of this nature. Additionally, Abboud claims she is a willing representative who is able to take an active role in the litigation.

Agentra disputes that the classes meet the predominance and superiority requirements.  These arguments fall flat.  The classes appear narrowly tailored enough so that if Agentra or its agents violated the Telephone Consumer Protection Act by using an automatic telephone dialing system, or by some other means, then that finding would trigger a verdict to eligible class members predominating any of Abboud's individual claims.  And because the class is estimated to number in the thousands, then a class action seems like a superior way to adjudicate the claims rather than a host of individual lawsuits.  Likewise, the Court determines that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."[25]

Because the proposed classes appear ascertainable, and Rule 23(a)'s four elements and 23(b)'s requirements of predominance and superiority are met, the Court **GRANTS** Abboud's motion for class certification.  In a subsequent order, the Court will issue a separate order requiring the parties to file a Report Regarding Contents of Scheduling Order to address the deadlines for the remainder of this case.

## IV. Conclusion

For the reasons listed above, the Court **DENIES** Abboud's motion to extend deadlines for discovery and class certification, and **GRANTS** Abboud's motion for class certification.

---

[25] *Id.*

**IT IS SO ORDERED** this 14th day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE