**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 3:19-cv-00120-X |
| v. | **PLAINTIFF'S MOTION FOR APPROVAL OF PROPOSED PLAN FOR DISSEMINATING NOTICE TO THE CLASS** |
| AGENTRA, LLC, a Texas limited liability company, | |
| Defendant. | |

**CERTIFICATE OF CONFERRAL**

In accordance with L.R. 7.1, the undersigned certifies that he has conferred with Defendant's counsel regarding this motion on December 18, 2020. Defendant's counsel advised that Defendant opposes the motion.

**I.      Introduction**

This case is a certified class action challenging certain telemarketing calls made by Defendant Agentra, LLC ("Defendant" or "Agentra") under the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq*. On September 14, 2020, the Court granted certification to the following two Classes:

> **Text Class**: All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, received one or more text messages on their cellular telephone, via Agentra's CRM system, for the same purpose as the text messages at issue were sent to Plaintiff, and for whom Agentra has no record of prior express consent.

> **Agent Class**: All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, Health Care Enrollment Center or Life and Health Insurance Services (or any of their sub-dealers, vendors, lead generators, or agents) called, on the person's cellular telephone, for the purpose of promoting Agentra's insurance products or that could have resulted in the purchase of an Agentra insurance product, using the same equipment as was used to call Plaintiff,

1

for whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call Plaintiff, or for whom Defendant has no record of prior express written consent.

(Dkt. 42.)

In cases seeking damages that are certified under Rule 23(b)(3), due process requires that the Class be provided "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *see also Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010).[1] Notice must be disseminated before a determination on the merits is reached. *See Brown v. Colegio de Abogados de P.R.*, 613 F.3d 44, 51 (1st Cir. 2010); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1078 (11th Cir. 2000); *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995); *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 180 (3d Cir. 1994); *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1788 (3d ed. 2005) ("Thus, notice must be sent long before the merits of the case are adjudicated.").

In accordance with these authorities, Plaintiff Monica Abboud ("Plaintiff" or "Abboud") proposes a Notice Plan set forth in greater detail below, which includes direct mail notice and a class action website.

## II.     Proposed Notice Plan

Under the circumstances present here, the Court should approve a Notice Plan that

---

[1] *See also Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) (explaining that "Where certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate.") (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 168–69 (2d Cir.1987) (finding that, with respect to a 23(b)(3) class, unidentified absent class members that could not be located through reasonable efforts did not need to be provided with individual, mailed notice in order to be bound)).

includes direct mail notice and a class action website where Class members can review the long and short form notices and review other key documents in the case, including the pleadings, the Order granting certification, and any other important orders or materials. Each form of notice is described below.

### A.      Direct mail notice

Adherence to the requirements for class notice does not require that every individual class member receive *actual* notice—due process mandates only that the notice be "reasonably calculated under the circumstances to apprise [class members] of the pendency of the class action and give [them] a chance to be heard." *Ross v. Trex Co., Inc.*, No. 09-CV-00670, 2013 WL 791229, at *1 (N.D. Cal. Mar. 4, 2013). A notice plan that reaches at least 70% of the class is reasonable. FEDERAL JUDICIAL CENTER, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010). And again, individual notice must be sent "to all members who can be identified through reasonable effort." *Eisen*, 417 U.S. at 173.

Applied here, Agentra possesses contact information for Class members, including the names, addresses, phone numbers, and (if known) the email addresses of all persons who fall within the definitions of the certified Classes. Agentra should be required to provide this information directly to Class Counsel or to a class action administrator approved by the Court.

Courts routinely require the production of a class list following class certification. *See, e.g., Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1129 (D.N.M. 2017) (compelling production of the class list "so that notice may be implemented" and noting that the information is "peculiarly within [the defendant's] possession"); *Pennington v. Fluor Corp.*, 2019 WL 2537675 (D.S.C. June 20, 2019) (ordering the defendant to provide the plaintiffs "with the contact information of class members, which the court expects to be organized and correction

information" within 30 days); *Dibb v. Allianceone Receievables Mgmt., Inc.*, 2016 WL 1258378, at *4 (W.D. Wash. Mar. 31, 2016) (ordering class action defendant to provide a class list with addresses in a "useable format").

Thus, the Court should order Agentra to provide Plaintiff with a Class List within thirty (30) days of the Court's Order approving the proposed notice plan so that notice can be disseminated to Class members as required. Alternatively, Agentra may provide the class list directly to an administrator approved by the Court.

As for content, a class notice is satisfactory where it "generally describes the terms of the [case] in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980) *disapproved of on other grounds by Evans v. Jeff D.*, 475 U.S. 717, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11:53 at 167 (4th ed. 2002) (notice is "adequate if it may be understood by the average class member."). The notice must set forth the nature of the action, define the class, identify the class claims and defenses at issue, and explain to class members that they may enter an appearance through counsel if so desired, that they may request exclusion, and that any judgment will be binding on all class members. *See* Fed. R. Civ. P. 23(c)(2)(B).

In this case, notice via direct mail, following a search for any updated addresses, is most appropriate under the circumstances. A postcard summary notice, a copy of which is attached hereto as Exhibit A, should be mailed to every class member who appears on the class list. The postcards generally describe the nature of the action and the claims together with the Class definitions. The postcards also refer recipients to the class website, discussed below. Plaintiff proposes that such direct mail notice be disseminated to the Class within sixty (60) days of

receipt of the class list. Plaintiff future proposes that members of the Classes have 60 days from the date notice is disseminated to request exclusion.

### B.  The Class Website

In addition to the direct mail notice, the Notice Plan also features a class action website. That is, each postcard also notifies the recipient to visit a website for the lawsuit ("Case Website") where Class Members will be able to access a traditional "long form" notice as well as other important information about the case, such as the deadline for requesting exclusion from the lawsuit. (*See* "Proposed Long Form Notice" attached hereto as Exhibit B). The website will also host important case documents like the Order granting class certification and will provide contact information for Class Counsel.

### C.  Class Administrator

Plaintiff's counsel has contacted third-party administrators with extensive experience administering class actions. Plaintiff's counsel is currently awaiting the receipt of bids from these administrators and will present an administrator to the Court for approval following the final receipt of the bids. The Class list is necessary to obtain accurate bids.

### III.  Conclusion

The Court has granted Plaintiff's Motion for Class Certification and certified two classes. The federal rules and due process considerations require that notice be sent to Class members before a determination may be made with respect to the merits of the case. As such, Agentra should be required to provide the class list to Class Counsel or to an administrator so that direct mail notice can be sent. Combined with a Case Website, the proposed Notice Plan is calculated to apprise the Class Members of these proceedings and their rights, comports with due process, and should receive the Court's approval.

5

**WHEREFORE**, Plaintiff Monica Abboud respectfully requests that the Court adopt the instant Notice Plan, require that Defendant provide Plaintiff with the class list within 30 days of its Order, require that notice be disseminated to the Classes within 60 days of receipt of the class list, and award such additional relief as it deems necessary and just.

*          *          *          *          *          *

Respectfully submitted,

Dated: December 18, 2020      By:   /s/ Patrick H. Peluso

One of Plaintiff's Attorneys

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Robert B. Kleinman
robert@commonsensecounsel.com
Breanne Cope
breanne@commonsensecounsel.com
Common Sense Counsel LLP
404 West 7th Street
Austin, Texas 78701
Telephone: (512) 299-5329
Facsimile: (512) 628-3390

Brooke Frances Cohen
brookefcohen@gmail.com
4334 University Blvd
Dallas, TX 75205
Telephone: (214) 384-0537

*Attorneys for Plaintiff and the Class*
* *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date indicated below, the foregoing document (and any attachments or accompanying documents) was served via the Court's electronic filing system to all counsel of record.

Date: December 18, 2020

/s/ Patrick H. Peluso