IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MONICA ABBOUD,** *individually and on behalf of all others similarly situated*, § § § | |
| *Plaintiff*, § § | Case No. 3:19-cv-120-X |
| **v.** § § | |
| **AGENTRA, LLC,** § § | |
| *Defendant.* § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR APPROVAL OF PROPOSED PLAN FOR DISSEMINATING NOTICE TO THE CLASS

Defendant Agentra, LLC ("Agentra") files this Response to Plaintiff Monica Abboud's ("Plaintiff") Motion for Approval of Proposed Plan for Dissemination Notice to the Class [Dkt. 46] ("Motion") and would respectfully show as follows:

## INTRODUCTION

This Court previously held that the two proposed classes will only be ascertainable "due to proof [potential class members] will be required to present." [Dkt. 42, Class Cert. Order at 8.] But the class notice plan set forth in the Motion (the "Notice Plan") omits any mention of how such proof will be gathered, much less applied to potential class members.

The Motion should thus be denied for its failure to comply with the Court's Class Certification Order as well as the fact that Agentra does not have the information necessary to comply with the Notice Plan, as further explained below.

# ARGUMENT

**I.    The Notice Plan violates this Court's Class Certification Order.**

The Notice Plan's failure to articulate how the Text Class and Agent Class will be ascertained confirms the previous ascertainability concerns raised by Agentra during class certification briefing.

The Court, in granting class certification, conditioned it upon the "proof [potential class members] will be required to present to establish their position in the class" for ascertainability. [Dkt. 42 at 8.] Specifically, for the Agent Class, "potential class members could present phone bills, or other forms of proof, showing that phone numbers used by Agentra called their phone" and, for the Text Class, potential class members could "provide documentation in the form of a picture of the text message, a record from a cell phone bill, or some other objective." [*Id*. at 8-9.]

Likewise, the Court also addressed the issue of ascertaining consent for both classes by proposing that potential class members sign affidavits they had never provided Agentra permission to solicit them, reserving Agentra the right to provide proof to the contrary. [*Id*.]

Plaintiff failed to address any of these Court-ordered safeguards in her Motion. Instead, the Motion simply demands that "the Court should order Agentra to provide Plaintiff with a Class List" within 30 days, without further explanation. Mot. at 4. For this reason alone, the Motion should be denied.

**II.   Even if the Notice Plan complied with the Class Certification Order, Agentra does not possess the requested information.**

Despite previously arguing in her class certification motion that the class members can be "identified through … a **combination** of Agentra's records, *the records of its agents, and Class member declarations and phone records*," Plaintiff now incredibly alleges that Agentra *alone*

possesses information which can identify "all persons who fall within the definitions of the certified Classes." [*Compare* Dkt. 36, Class Cert. Mot. at 6 (emphasis added) *with* Mot. at 3.]

Setting aside the contradictory foundation on which this allegation rests, it also fails because Agentra simply does not possess the information Plaintiff claims it does.

### A.   Agentra does not possess Text Class contact information.

According to the Motion, the Text Class comprises:

> All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, received one or more text messages **on their cellular telephone**, via Agentra's CRM system, **for the same purpose as the text messages at issue were sent to Plaintiff**, and for whom Agentra has no record of prior express consent.

Mot. at 1 (emphasis added).

First, Agentra cannot tell whether a number texted by Agentra's CRM system was assigned to a cellular telephone (as opposed to a voice over IP line[1]) when the text message was allegedly dispatched. Dale Decl.[2] ¶ 3.

Second, it is Agentra's position that the only person who received a text message "for the same purpose as the text messages at issue were sent to Plaintiff" is Plaintiff. Plaintiff's text message was sent to her to provide her a link to electronically sign the particular health insurance product(s) she signed for. Agentra surmises that Plaintiff disagrees with the interpretation of this limitation, but it is incumbent upon Plaintiff to provide *objective* class limitations when Plaintiff demands Agentra undertake the burden of constructing a class list.

---

[1] Without this limitation on the Text Class, it would fail as a matter of law because Plaintiff's TCPA claims cannot arise from text messages sent to landlines and voice over IP ("VoIP") lines. *See, e.g.*, *Bonanno v. New Penn Fin.*, LLC, No. 5:17-cv-229, 2017 U.S. Dist. LEXIS 118407, at *13-14 (M.D. Fla. July 28, 2017) (plaintiff "failed to allege why calls to her landline phone would be a violation of the TCPA under section 228(b)(1)(A)(iii) since calls to a landline are generally subject to violations of section 227(b)(1)(B) instead"); *Klein v. Commerce Energy, Inc.*, 256 F. Supp. 3d 563, 583 (W.D. Pa. 2017) (granting summary judgment against TCPA plaintiff when call was placed to plaintiff's VoIP number).

[2] Dale Decl. refers to the Declaration of Cindy Dale, attached hereto as Exhibit A.

### B.    Agentra does not possess Agent Class contact information.

According to the Motion, the Agent Class comprises:

> All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, **Health Care Enrollment Center or Life and Health Insurance Services (or any of their sub-dealers, vendors, lead generators, or agents) called**, on the person's <u>cellular telephone</u>, <u>for the purpose of promoting Agentra's insurance products</u> or that could have resulted in the purchase of an Agentra insurance product, <u>using the same equipment as was used to call Plaintiff</u>, or whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call Plaintiff, or for whom Defendant has no record of prior express written consent.

Mot. at 1-2 (emphasis added).

Here, Agentra has no information regarding the persons allegedly called by Health Care Enrollment Center ("HCEC"), Life and Health Insurance Services ("LHIS"), or their vendors, lead generators, and agents. Dale Decl. ¶ 4. These entities are not "captive" and instead operate independently of Agentra, as a result, they frequently sell the insurance products of Agentra's competitors. It follows only HCEC and LHIS possess information on who they (or their vendors) allegedly called.

Plaintiff cannot feign ignorance here. In August 2019, Plaintiff subpoenaed (or attempted to subpoena) Stellar Communication Partners, Inc., which Plaintiff alleged did business under the name HCEC. [*See* Dkt. 26, Pl.'s Mot. For Alternative Serv. of Subpoenas.] It defies logic that Plaintiff now contends Agentra somehow possesses this information.

And even if Agentra somehow became informed of who HCEC and LHIS called (i.e., if Plaintiff has been improperly withholding such information, since it was never produced to Agentra during discovery), Agentra would still have no information regarding whether such persons were called (1) on a cellular telephone; (2) for the purpose of promoting Agentra's

insurance products; and (3) using the same equipment that they used to call Plaintiff. *See* Dale Decl. ¶ 5.

### C. Plaintiff's cited cases are distinguishable.

In view of the above proof submitted by Agentra that it does not possess the information requested, Plaintiff's cited cases are all distinguishable and even support Agentra.

*Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1129 (D.N.M. 2017) was a Fair Labor Standards Act case involving "(a) oilfield manual laborers whom Swire Oil paid on a salary basis without overtime (the 'Salary Class'), and (b) oilfield manual laborers whom Swire Oil paid according to the fluctuating workweek method (the 'FWW Class')." It is no surprise that only the class members' employer possesses the information required to disseminate class notice.

*Pennington v. Fluor Corp.*, No. 0:17-CV-02094-JMC, 2019 WL 2537674, at *10 (D.S.C. June 20, 2019) is easily distinguishable on the grounds that the parties did "not dispute whether Pennington Plaintiffs should have access to the class members' contact information, but only dispute[d] the time" defendants had to provide such information by.

Finally, *Dibb v. Allianceone Receivables Mgmt., Inc.*, No. 14-5835 RJB, 2016 WL 1258378 (W.D. Wash. Mar. 31, 2016) is distinguishable on the grounds that the defendant there never contested whether it possessed the sought-after information, in contrast to Agentra here. However, it also goes further and supports Agentra by illustrating the actions of a diligent class action plaintiff.

There, the named plaintiff had laid the groundwork for managing the class notice process by engaging in discovery *before* class certification. *Id*. at *2 ("Parties have been engaging in discovery for several months, including before December 16, 2015, the point at which the class and subclasses were certified.")

In contrast, Plaintiff's barebones pre-certification litigation strategy has been evident from her actions. Given the minimal potential recovery available without class certification, Plaintiff purposefully failed to diligently pursue both class and merits discovery to minimize wasted resources in the event the Court denied class certification. But after obtaining class certification, Plaintiff now attempts to reopen the doors of discovery by any means possible,[3] now by attempting to offload her class notice responsibilities on Agentra by way of this Motion. Such behavior should not be countenanced.

### III. Any attempt by Plaintiff to modify the Notice Plan via Reply should be rejected.

Given the deficiencies in the Notice Plan highlighted by the Response, Agentra expects Plaintiff may attempt to modify her Notice Plan in the Reply. But any modification or expansion of the Notice Plan on Reply constitutes improper new argument that should be waived. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants … are waived.").

To the extent this Court entertains any Notice Plan arguments made in Reply, Agentra respectfully submits that any Notice Plan must still follow the "usual rule" where plaintiff bears the cost of class notice. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("Where, as here, the relationship between the parties is truly adversary, the plaintiff must pay for the cost of notice as part of the ordinary burden of financing [her] own suit.").

---

[3] *See*, *e.g.*, Dkt. 42, Order at 3-5 (summarizing history of extensions to discovery and class certification deadlines; denying Plaintiff's motion to extend discovery deadline), Dkt. 45, Scheduling Order ("The Court has considered the Parties' Joint Proposal for Contents of Scheduling and Discovery Order [Doc. No. 44] and finds that merits discovery is already complete.")

## CONCLUSION

For the reasons set forth above, Defendant requests that this Court deny Plaintiff's Motion to Extend Deadlines to Complete Fact Discovery and File Papers Related to Class Certification.

Dated: January 8, 2021

Respectfully submitted,

*/s/ Andrew Lin*
ANDREW LIN
Texas Bar. No. 24092702
alin@pcrfirm.com
WILLIAM S. RICHMOND
Texas Bar. No. 24066800
brichmond@pcrfirm.com
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75307
Telephone: (214) 559-2700
Facsimile: (214) 559-4390

**COUNSEL FOR DEFENDANT AGENTRA, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Agentra, LLC does hereby certify that this pleading was served on counsel of record on January 8, 2021 by electronic filing.

*/s/ Andrew Lin*
ANDREW LIN