IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>AGENTRA, LLC, a Texas limited liability company,<br><br>        Defendant. | Case No. 3:19-cv-00120-X<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF PROPOSED PLAN FOR DISSEMINATING NOTICE TO THE CLASS** |

**I.    INTRODUCTION**

In response to Plaintiff Monica Abboud's ("Plaintiff" or "Abboud") motion for approval of her proposed plan for disseminating notice of this action to potential class members, Defendant Agentra, LLC ("Defendant" or "Agentra") suggests that the motion "violates" the Court's order certifying the classes. Agentra also claims that it supposedly does not possess information necessary to ascertain class membership. Defendant's arguments are without merit.

As set forth below, the proposed notice comports with this Court's order certifying the classes, and it in no way forecloses verification of class membership through appropriate means and at an appropriate time—which could only occur after notice and the receipt of a class list in any case. Further, Agentra's assertions that it does not possess the requested information necessary to ascertain class members ring hollow—the text messages in question were admittedly sent by Defendant's own system, and Defendant has previously produced, in a similar case, class list information pertaining to the two agents covered by the certified Agent Class. The Court should grant Plaintiff's motion and adopt the Notice Plan as proposed.

**III.    ARGUMENT**

1

### A. Plaintiff's Proposed Notice Plan Does Not Conflict With The Court's Order Certifying The Classes—Identifying And Notifying Potential Class Members Does Not Entail Proof Or "Safeguards" As Necessary For Claim Submission.

Defendant begins its response by claiming that the Notice Plan proposed by Abboud "violates" the Court's class certification order. (Resp., Dkt. 47 at 2.) Agentra posits that the Court "conditioned" certification on the proof that class members would have to provide in order to verify their claims, going so far as to characterize the kinds of potential proof noted by the Court in its order as "Court-ordered safeguards." (*Id.*) Defendant's argument misunderstands both the Court's certification order and the class notice and claim submission process.

First, Agentra's contention that affidavits or phone bills are Court-ordered safeguards simply misreads the Court's September 14, 2020, Order. In finding that class membership is ascertainable, the Court stated as follows:

> Members who qualify for either the text class or the agent class will be ascertainable due to proof they will be required to present to establish their position in the class. Agentra claims that ascertaining the agent class is subjective, not objective. But potential class members could present phone bills, or other forms of proof, showing that phone numbers used by Agentra called their phone. If the potential class members then signed affidavits saying they had never given Agentra permission to solicit them, and Agentra could not offer proof to the contrary, it would objectively give rise to the likelihood that the potential class members did not consent to the call. Similarly, the text class could provide documentation in the form of a picture of the text message, a record from a cell phone bill, or some other objective proof. Therefore, the class appears objectively ascertainable.

(Dkt. 42 at 8–9.) The Court recognized that members will ultimately be required to "establish their position in the class," and it listed several options for proving membership. However, the Court did not mandate that the parties implement any particular form of proof, let alone require such proof *before* notice is made to potential class members. To do so would turn the process on its head and effectively obfuscate notice entirely.

Second, and more importantly, Agentra's opposition to the notice plan misapprehends the purpose of notifying class members of this suit. As explained in the motion, due process considerations require notice that is "reasonably calculated under the circumstances to apprise [class members] of the pendency of the class action and give [them] a chance to be heard." (Dkt. 46 at 3) (citing *Ross v. Trex Co., Inc.*, No. 09-CV-00670, 2013 WL 791229, at *1 (N.D. Cal. Mar. 4, 2013)). The proposed notice plan, including the short-form and long-form notices attached to the motion, does just that—the postcard to be sent to potential class members describes the action and informs consumers how they may access the long-form notice, request exclusion, or otherwise reach out to counsel. (*See* Dkt. 46-1 at 1–2.) The short-form postcard also describes the parameters of the class, notifying recipients that the class action applies to text messages from Agentra, calls made to cell phones from the particular Agents, and the purpose of such communications. (*Id.* at 2.)

Critically, the proposed notice plan does not state that every recipient of the postcard *is* a verified class member, nor does it solicit any affidavit or proof of membership at this stage of the proceedings. (*See id.* at 1–2.) To be sure, in the event of a judgment or settlement that would provide relief to the class, class members will be required to provide some form of proof or submit valid claims to receive any such benefit or compensation. That stage, however, has not yet arrived. The purpose of the notice plan is simply to inform potential class members of the pending action and provide them with instructions on how they may exclude themselves or make themselves heard. Such notice *must* be provided to class members before determinations are reached on the merits of the case. (Dkt. 46 at 2) (citing *Brown v. Colegio de Abogados de P.R.*, 613 F.3d 44, 51 (1st Cir. 2010); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1078 (11th Cir. 2000); *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995); *Collins v. E.I. DuPont de*

*Nemours & Co.*, 34 F.3d 172, 180 (3d Cir. 1994)). Attempting to thwart notice on the basis that the proposed plan does not specify what proof will later be required from class members to verify their membership—a process that will undoubtedly (and appropriately) take place *after* the class list is received and notice is issued—does not make sense.[1]

To suggest that these notice forms "violate" or somehow conflict with the Court's certification of the classes is baseless, and Defendant provides little argument to permit analysis of its position. Plaintiff seeks approval of her proposed notice plan so that absent class members may be notified of this action; affidavits or proof of membership are not necessary or even possible prior to the production of a class list and notice to consumers. The Court should grant the motion and adopt the proposed Notice Plan.

**B.    Agentra possesses contact information for the certified Classes.**

The remainder of Agentra's response is predicated on its assertion that Defendant does not possess class contact information and thus supposedly cannot provide a class list for either the Text Class or the Agent Class. (Dkt. 47 at 2–6.) With regard to each class, Agentra's claims are easily refuted.

**1.    Defendant possesses contact information for members of the Text Class, who received messages from Agentra's own CRM system.**

Defendant's contention that it does not possess class contact information for the Text Class lacks any merit. The Text Class, as certified by the Court on September 14, 2020, is defined as follows:

> All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, received one or more text messages on their cellular telephone,

---

[1] Plaintiff also noted in her motion that her counsel is awaiting bids from potential administrators, the selection of which will presented to the Court for approval. (Dkt. 46 at 5.) The claim verification process would be conducted by a sophisticated class action administrator, and a class list is necessary *before* an administrator is engaged for this action. (*Id.*)

>via Agentra's CRM system, for the same purpose as the text messages at issue were sent to Plaintiff, and for whom Agentra has no record of prior express consent.

(Dkt. 46 at 1.) In response to the present Motion, Agentra takes issue with two components of this definition: (1) that the class is limited to consumers called on their cellphones; and (2) that class members received text messages with the same purpose as those that were sent to Plaintiff. (Dkt. 47 at 3.)

Defendant claims first that it would be unable to produce a class list because it cannot distinguish cell phone numbers from voice over IP ("VOIP") numbers. (*Id.*) Even if that were true, it does not present an obstacle to the production of a class list. Given that the purpose of the requested information is to identify potential class members for the dissemination of notice, the inclusion of VOIP numbers would only result in notice given to some consumers who would be unable to later file a claim or verify class membership. Once again, the proposed short-form notice informs recipients that the class applies to cellphones—in reading the postcard's "How Do I Know if I am a Class Member?" paragraph, VOIP users would learn that they do not fit the class definitions. (*See* Dkt. 46-1 at 2.) Agentra's purported inability to distinguish cellphone numbers from VOIP numbers does not mean that such numbers cannot be distinguished through other means, nor does it mean that VOIP numbers cannot be excluded through the subsequent claim verification process.

Agentra also contends that "the only person who received a text message 'for the same purpose as the text messages at issue were sent to Plaintiff' is Plaintiff" because the texts sent to Abboud sought Abboud's e-signature. (Dkt. 47 at 3.) Defendant's bid to philosophically confine the purpose of its texts to "just one person" may be a creative academic exercise, but it does not reflect reality. The texts at issue were automated text messages produced by Agentra's CRM software, and they are uniformly sent to consumers for the common purpose of obtaining e-

5

signatures to complete sales—Defendant's 30(b)(6) witness admitted as much during her deposition. (*See* Dale Depo., Dkt. 36-1 at 54:20–57–14.) Agentra cannot credibly contend that the automated text messages sent to solicit e-signatures from Plaintiff and other members of the text class were not all sent for the same reason.

Agentra's own software automatically sent text messages to Plaintiff and the other members of the Text Class. These texts were sent for a common purpose, and the class is defined accordingly. Even if it is presently unable to distinguish VOIP numbers, Defendant possesses records and contact information sufficient to identify Text Class members. Thus, the Court should grant Plaintiff's motion and order Agentra to produce an adequate class list as requested.[2]

### 2. Agentra possesses contact information for the Agent Class—it produced a class list in another case that includes consumers called by the two agents involved in this matter.

Next, Defendant contends that it does not possess contact information, and therefore would be unable to produce a class list, for the Agent Class. (Dkt. 47 at 4–5.) The basis for Defendant's position is that the agents are not "captive" entities and "operate independently" of Agentra—according to Agentra, this means that "only HCEC and LHIS possess information on who they (or their vendors) allegedly called." (*Id.* at 4.) While this argument would perhaps be more supportable than Defendant's claims about the Text Class information, it is otherwise

---

[2] Even if the Class List is over-inclusive, this is not an issue. *See Bowerman v. Field Asset Servs., Inc.*, Case No. 13-cv-00057-WHO, 2015 WL 5569061, at *4 (N.D. Cal. Sept. 21, 2015) ("[T]he best notice practicable under the circumstances was notice to a group that was broader than the class definition but included the complete universe of class members. This was an acceptable and unremarkable method of delivering notice to the class.") (citing *Alberton v. Commonwealth Land Title Ins. Co.*, No. 06-cv-03755, 2010 WL 1049581, at *3-4 (E.D. Pa. Mar. 17, 2010) (rejecting argument that proposed mailing list for class notice was improper because it "does not track the contours of the class certified by the Court;" noting that "the notice proposed by plaintiffs is merely a notice of the pendency of the class action and does not guarantee that an individual receiving a ... notice is entitled to participate").

defeated by Agentra's behavior in a similar case, which reveals that it does, in fact, possess Agent Class information and can produce it here as well.

Defendant is correct that Plaintiff issued a subpoena to Stellar Communication Partners, Inc. in an attempt to obtain information regarding the consumers called by Health Care Enrollment Center ("HCEC"). (Dkt. 47 at 4.) However, the attempt proved fruitless, as Plaintiff did not receive any information in response. Nevertheless, it does not "def[y] logic" that Plaintiff would ask Agentra itself produce a class list because Plaintiff has maintained her allegations that HCEC and Life and Health Insurance Services ("LHIS") were acting as agents of Agentra and made calls on Agentra's behalf. (*See id.*; *see also* Dkt. 36 at 1 ("Agentra contracts with third-parties to drive leads to Agentra for enrollment.").) As the beneficiary to the telemarketing efforts of its agents, it stands to reason that Defendant would possess or otherwise have access to the contact information of those consumers called by its agents.

As it turns out, Agentra has produced the requested information in another case with similar claims and some overlapping class members. The case in question is *Abramson v. Agentra, LLC*, Case No. 2:18-cv-00615-PLD, a Western District of Pennsylvania case concerning alleged TCPA violations by Agentra's telemarketing agents.[3] On September 26, 2020, after the parties had reached a settlement, Abramson filed an emergency motion to compel Agentra to provide class list information because Agentra had failed to do so by the parties' agreed deadline of September 25, 2020. *Abramson v. Agentra, LLC*, No. CV 18-615, Dkt. 122 at 1–2 (W.D. Pa. Sept. 29, 2020) (attached hereto as Exhibit A). The settlement class for which Abramson sought information was defined as follows:

---

[3] Plaintiff Abboud has since intervened in the *Abramson* case for the purpose of protecting the interests of her certified classes and evaluating the fairness of the settlement reached by Agentra. *Abramson v. Agentra, LLC*, No. CV 18-615, 2020 WL 7335897, at *1 (W.D. Pa. Dec. 14, 2020).

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, **Jake Gabbard, Jason Espinoza**, Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield JeanBaptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted **on a cellular telephone** or while they were on the National Do Not Call Registry for at least 30 days.

(Ex. A at 2) (emphasis added). The two emphasized agents, Jake Gabbard and Jason Espinoza, are the agents responsible for the calls made to Plaintiff Abboud—the Agent Class in this case comprises calls made by their companies, HCEC and LHIS respectively. (*Compare* Ex. A at 2, *with* Dkt. 36 at 4, 8, *and* Dkt. 46 at 1–2.) The Western District of Pennsylvania granted Abramson's motion and ordered Agentra to produce the requested information, and on October 5, 2020, Abramson filed an unopposed motion to extend deadlines and confirmed therein that "[f]ollowing the filing of a motion, Agentra provided that [class] information." *Abramson*, Dkt. 124 at 1–2 (W.D. Pa. Oct. 5, 2020) (attached hereto as Exhibit B). Thus, though it attempted to delay production of a class list in the *Abramson* case as well, Agentra ultimately provided class information for calls made by *eleven* of its agents, including the two implicated by Plaintiff's Agent Class. Further, the class definition in *Abramson* was similarly restricted to calls to cell phones, and Agentra nonetheless produced class information as required by the Court's order compelling it to do so. (*See* Ex. A at 2.)

While Agentra may have provided a signed declaration from Cindy Dale that "Agentra possess no information on the persons allegedly called" by HCEC and LHIS, its actions in the *Abramson* case tell a different story. Faced with an order compelling production of such information, Agentra provided class member information for calls made by a variety of its agents, including the two agents involved in making the calls alleged by Abboud. In short,

8

Defendant's claim that it does not possess the requested information about the Agent Class is specious, and the Court should grant Plaintiff's motion and order the production of a class list.

## IV.  CONCLUSION

Following the certification of two classes in this matter, the federal rules and due process considerations require that notice be sent to absent class members, and such notice cannot be effectuated without a class list and adequate contact information. Plaintiff's request does not violate the Court's certification order, nor does it frustrate any safeguards that may be implemented to ensure class membership as the case progresses toward a resolution. Further, Defendant's claims that it does not possess any of the requested information are groundless. Plaintiff respectfully requests that the Court adopt her proposed Notice Plan, require Agentra to provide a class list within 30 days of its Order, require that notice be disseminated to class members within 60 days of the production of the class list, and award any such additional relief as it deems necessary and just.

DATED:  January 22, 2021

Respectfully submitted,
By:  /s/ Patrick H. Peluso

V. Richards Ward, Jr., Esquire
NH Bar #14262
Law Office of V. Richards Ward, Jr., PLLC
39 North Main Street, Unit D-3
P.O. Box 1117
Wolfeboro, NH 03894
Rick@VRWardLaw.com
(603) 569-9222

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300

Denver, CO 80210
Phone: (720) 213-0676

*Attorneys for Plaintiffs*
*\*Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on January 22, 2021.

                                            /s/ Patrick H. Peluso
                                            Patrick H. Peluso