UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:19-CV-00120-X |
| v. | § § | |
| AGENTRA, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This order concerns a certified class action suit under the Telephone Consumer Protection Act.[1] Before the Court is the plaintiff's Motion for Approval of Proposed Plan for Disseminating Notice to The Class. [Doc. No. 46.] The defendant, Agentra, LLC (Agentra), responded, arguing that the Motion does not comply with the Court's earlier order certifying the class and that Agentra lacks the necessary information to comply with the proposed plan. The Court finds Agentra's arguments unconvincing and therefore **GRANTS** the Motion and **ADOPTS** the plaintiff's notice plan.

Classes certified under Federal Rule of Civil Procedure 23(b)(3) (like the ones in this suit) must receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[2] The individual-notice requirement is "an unambiguous requirement of Rule

---

[1] 47 U.S.C. § 227 *et seq.*

[2] FED. R. CIV. P. 23(c)(2)(B); *accord Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974).

23" for all ascertainable members of a class.[3]  What degree of diligence satisfies the "reasonable effort" standard depends on the facts of the given case.  "[A] search, even though calculated to reveal partial information or identification, may be omitted only if its cost will exceed the anticipated benefits."[4]

The plaintiff proposes to notify this suit's previously certified Text Class[5] and Agent Class[6] through direct mail and a class action website containing key case documents and notices.  To do so, the plaintiff requests that the Court order Agentra, an insurance agency that solicits business through a telemarketing system, to produce a list of class members and their contact information.

Agentra argues first in response that it cannot ascertain either class because the Court previously held that class members will need to provide proof to establish membership.[7]  This line of argument not only mischaracterizes and contradicts the Court's earlier order[8] but also makes no sense.  Without initial notice of potential

---

[3] *Eisen*, 417 U.S. at 176.

[4] *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977) (weighing a search's potential advantage in determining the class's scope against the burden to the producing parties).

[5] *See* Doc. No. 46 at 1 ("All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, received one or more text messages on their cellular telephone, via Agentra's CRM system, for the same purpose as the text messages at issue were sent to Plaintiff, and for whom Agentra has no record of prior express consent.").

[6] *See id*. at 1–2 ("All persons in the United States who, from January 15, 2015 through the date notice is sent to the Class, Health Care Enrollment Center or Life and Health Insurance Services (or any of their sub-dealers, vendors, lead generators, or agents) called, on the person's cellular telephone, for the purpose of promoting Agentra's insurance products or that could have resulted in the purchase of an Agentra insurance product, using the same equipment as was used to call Plaintiff, for whom Defendant claims prior express written consent was obtained in the same manner as Defendant claims prior express written consent was obtained to call Plaintiff, or for whom Defendant has no record of prior express written consent.").

[7] Doc. No. 47 at 2 (referencing Doc. No. 42 at 8).

[8] In its prior order, the Court provided several means by which potential class members could prove their actual membership in the class, including presenting phone bills, signing affidavits, or

class membership, class members would not know that they needed to provide objective proof of class membership. Due to the proof requirement, the Court cannot determine an actual class without notice to all potential class members. Agentra has not stumbled upon a clever way to defeat all class actions. Agentra's counterargument falls flat.

Agentra next protests that it cannot produce a list of potential class members that fit the Text Class definition because: (1) it cannot tell whether the numbers its system contacted are cell phone numbers, and (2) "it is Agentra's position that the only person who received a text message" for the same purpose as the plaintiff did "is [the plaintiff]."[9] Agentra's rhetorical gymnastics are unsuccessful. It is undisputed that Agentra's CRM software produces automated text messages to obtain e-signatures to complete insurance sales. The plaintiff received one such text message. If Agentra cannot provide contact information for the phone numbers its own CRM system messaged for the purpose listed above, surely it can instead produce every phone number its CRM software ever messaged for *any* purpose, along with attendant contact details. Such production would include every actual class member, enabling sufficient notice under Rule 23(c), and would not require unreasonable effort on Agentra's part. After all, the Federal Rules do not require perfect notice and do not

---

providing other documentation. The Court never found that potential class members must provide this proof before receiving notice. *See* Doc. No. 42 at 8–9. Moreover, the Court already held that these classes "appear ascertainable." *See id.* at 8. The Court sees no reason to abandon that holding now.

[9] Doc. No. 47 at 3.

cabin it only to actual class members. Instead, the Rules demand "the best notice that is practicable under the circumstances."[10]

Finally, Agentra claims that it cannot determine contact information for the Agent Class because the clients who used the defendants' CRM system "operate independently" of Agentra.[11] The Court is unconvinced. As the plaintiff points out, Agentra recently produced at least part of this information in another lawsuit.[12] It beggars belief that Agentra would not be able to gather contact information that marketing agents pulled from Agentra's own CRM software. Once again, if Agentra's unwillingness to disclose this information boils down to an actual inability to discern which numbers the agents called, then Agentra should disclose contact information for every number these agents could conceivably have contacted.

The Court finds the method and proposed scope of notice the plaintiff proposes to be "the best . . . practicable under the circumstances."[13] Therefore, the Court **ADOPTS** the plaintiff's notice plan and **ORDERS** Agentra to produce sufficient potential class lists for the Text Class and the Agent Class within thirty (30) days of this order. The Court additionally **ORDERS** the parties to disseminate notice to all potential class members within sixty (60) days of the production of both class lists.

---

[10] FED. R. CIV. P. 23(c)(2)(B).

[11] Doc. No. 47 at 4.

[12] *See Abramson v. Agentra, LLC*, No. 2:18-CV-00615-PLD, Doc. No. 122 at 1–2 (W.D. Pa. Sept. 29, 2020).

[13] FED. R. CIV. P. 23(c)(2)(B).

**IT IS SO ORDERED** this 12th day of April, 2021.

                                                               BRANTLEY STARR
                                                               UNITED STATES DISTRICT JUDGE