IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>AGENTRA, LLC, a Texas limited liability company,<br><br>　　　　　Defendant. | Case No. 3:19-cv-00120-X<br><br>**PLAINTIFF'S MOTION TO COMPEL AGENTRA, LLC TO PRODUCE CLASS LISTS FOR THE CERTIFIED CLASSES AS ORDERED BY THE COURT** |

**CERTIFICATE OF CONFERRAL**

In accordance with L.R. 7.1, the undersigned certifies that he has conferred with Defendant's counsel regarding this motion on May 14, 2020. Defendant's counsel advised that Defendant opposes the motion.

**I.　INTRODUCTION**

Defendant Agentra, LLC ("Defendant" or "Agentra") has failed to produce class lists sufficient to identify members of the certified Text Class and Agent Class as required by the Court in its April 12, 2021, Order adopting Plaintiff's proposed notice plan (dkt. 49). As a result, Plaintiff Monica Abboud ("Plaintiff" or "Abboud") moves the Court under Federal Rule 37(a) for an Order compelling Agentra to produce the Class Lists. In support of her motion, Plaintiff states as follows:

**II.　BACKGROUND**

On December 18, 2020, Plaintiff filed her Motion for Approval of Proposed Plan for Disseminating Notice to the Class. (Dkt. 46.) To identify potential members of the certified Classes—and thereby disseminate notice in accordance with the demands of due process—

1

Plaintiff asked the Court to order Agentra "to provide Plaintiff with a Class List within thirty (30) days of the Court's Order approving the proposed notice plan." (*Id.* at 4.) Defendant objected to the Motion. (Dkt. 47 at 3–4.) With regard to the Text Class, Agentra claimed that it would be unable to produce a class list because it "cannot tell whether a number texted by Agentra's CRM system was assigned to a cellular telephone." (*Id.* at 3.) As for the Agent Class, Defendant asserted it had "no information" about such calls because they were made by telemarketing agents that supposedly "operate independently of Agentra." (*Id.* at 4.)

In ruling on the Motion, the Court rejected each of the above arguments and ordered Defendant to produce class lists for both the Agent Class and Text Class. (Dkt. 49.) The Court noted that it is "undisputed" that Agentra's CRM software sends automated text messages like the one received by Plaintiff:

> If Agentra cannot provide contact information for the phone numbers its own CRM system messaged for the purpose listed above, surely it can instead produce every phone number its CRM software ever messaged for any purpose, along with attendant contact details. Such production would include every actual class member, enabling sufficient notice under Rule 23(c), and would not require unreasonable effort on Agentra's part.

(*Id.* at 3.) With respect to the Agent Class list, the Court observed that "Agentra recently produced at least part of this information in another lawsuit"[1] and could do so again. (*Id.* at 4.) Thus, the Court granted Plaintiff's motion and ordered Defendant to "produce sufficient potential class lists for the Text Class and the Agent Class within thirty (30) days" of the order, issued on April 12, 2021. (*Id.*)

Two days ago, on May 12, 2021, Agentra provided two documents to Plaintiff's counsel: (1) a spreadsheet containing the class list information previously provided in the

---

[1] The other lawsuit in question is *Abramson v. Agentra, LLC*, No. 2:18-CV-00615-PLD (W.D. Pa.).

*Abramson v. Agentra* case filed in Pennsylvania, and (2) a declaration of Todd Dunayer, Defendant's IT manager regarding Agenta's supposed inability to produce a Text Class list. (*See* Declaration of Attorney Patrick Peluso, attached hereto as Exhibit A, at ¶¶ 3–5.) As explained below, neither of these documents constitutes a "sufficient potential class list" that will enable Plaintiff to disseminate notice in accordance with the plan adopted by the Court.

### III.   ARGUMENT

#### A.   Defendant's Spreadsheet Is Neither Up To Date Nor Limited To The Certified Agent Class.

The first document produced by Agentra, titled "2020.10.05 Abramson Class List v2," is a spreadsheet containing contact information for nearly 20,000 consumers that apparently compose the settlement class in Defendant's other lawsuit, *Abramson v. Agentra* (the "*Abramson* spreadsheet"). (Ex. A at ¶ 4.) Indeed, in sending the *Abramson* spreadsheet to Plaintiff's counsel, counsel for Defendant described the spreadsheet as "the class information provided by Agentra in *Abramson v. Agentra*." (*Id.* ¶ 3.)

The *Abramson* spreadsheet, on its own, is inadequate to provide a class list for the Agent class certified in this matter for at least two reasons. First, the document provided is not up to date and thus does not span the relevant time period. The Agent Class, as certified by the Court on September 14, 2020, includes consumers who were called "from January 15, 2015 to the date notice is sent to the class." (Dkt. 42 at 2.) Agentra's spreadsheet, however, is dated October 5, 2020. (*See* Ex. A at ¶ 4.) In other words, Defendant's purported class list is missing information for *more than seven months* that elapsed between the listed date of the *Abramson* spreadsheet and the day that Agentra provided the list to Plaintiff.

Second, the list provided is not tailored to the telemarketing agents at issue in this case. Plaintiff's Agent Class consists of consumers who were called by the same two agents that called her—Health Care Enrollment Center ("HCEC") and Life and Health Insurance Services ("LHIS"), run by Jake Gabbard and Jason Espinoza, respectively. (Dkt. 36 at 4.) The *Abramson* settlement class purports to apply to the actions of <u>eleven</u> different agents, including Gabbard and Espinoza:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza, Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, whether by a downline sub-agent, vendor, or other third party) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

(*See* Mot. for Prelim. Approval of Settlement, attached hereto as Exhibit C, at 4.) Further, the document provided includes no indication of which agent called each individual on the list. (*See* Ex. A at ¶ 4.) As a result, much of the list provided by Agentra is likely outside the boundaries of the Agent Class certified in this case, and there is no way to tell which entries are relevant to this matter.

The Court's statement that Agentra "recently produced at least part of [the class list]" in the *Abramson* case was meant to reinforce that Defendant is, in fact, capable of producing a list. It was *not*, however, an indication that Agentra could satisfy its obligation to produce a class list for the Agent Class in this matter by merely forwarding the document created for a different class in a different case. Given that the only other document provided is a declaration asserting that Agentra is unable to produce information for the Text Class, it appears that Defendant took no action over the last 30 days to create a class list applicable to this case or its time period—rather, it seems Agentra seeks to fulfill its obligations under the Court's Order by leaning on an old,

4

inapposite document of limited relevance. Though it did so once before, the Court should again compel Agentra to produce a sufficient class list to identify the certified Agent Class so that Plaintiff may proceed to notify potential class members or consider other appropriate relief.

> **B.   Defendant's Sudden Claim That It Cannot Produce A Text Class List Is Unacceptable.**

Rather than produce a class list for the Text Class as ordered by the Court, Agentra sent to Plaintiff's counsel a declaration "regarding Agentra's inability to produce Text Class information" from Todd Dunayer, Defendant's IT manager. (Ex. A at ¶¶ 3, 5.) In his declaration, Dunayer asserts that Agentra does not have "permissions" to query whether an individual was contacted by email or text message, or to "export every phone number messaged by Agentra" through its CRM system. (Ex. B at ¶¶ 5–6.) Dunayer makes no representations about whether such information can be accessed by Agentra locally or whether Defendant's "permissions" could be altered to permit the above functions, nor does it provide sufficient details regarding the front and back-end functionality of Agentra's CRM system.

Moreover, Defendant's purported inability to create or export a class list for the Text Class presents a brand-new obstacle to class notice—Agentra never raised supposed software permissions in its opposition to Plaintiff's proposed notice plan, nor did Defendant confer with Plaintiff at any time during the last 30 days about an inability to produce information ordered by the Court. (*See* Dkt. 47 at 3; Ex. A at ¶ 6.) Instead, Dunayer's declaration demonstrates Agentra's familiarity with the company that created and supposedly controls its software—but Defendant fails to indicate whether it has communicated with this third party or otherwise sought to enhance its permissions or take

other steps necessary to produce a list. (*See* Ex. B at ¶¶ 3–6.) Dunayer's declaration suggests that the information sufficient to identify the Text Class members in fact exists but that Agentra has failed to take reasonable steps to obtain it or produce it in a useable format.

Rather than make a reasonable effort to obtain a Text Class list or confer with Plaintiff's counsel, Defendant instead chose to present a new excuse for failing to produce this information on the day it was due. Instead of informing Plaintiff or the Court that it could not comply with the Court's Order, Defendant waited until the eleventh hour to send Plaintiff a declaration in lieu of the required list. Agentra's conduct is improper and amounts to a failure to comply with an order of the Court to provide discovery necessary to effectuate notice to the Class members. *See* Fed. R. Civ. P. 37(b)(2)(A). The Court should therefore compel Defendant to produce the required class list (as previously ordered) so that notice may proceed as planned.

## IV. CONCLUSION

Agentra's provision of an old class list from another case and a last-minute declaration that it can't provide a Text Class list falls woefully short of the "sufficient potential class lists" that the Court ordered Defendant to provide. Its conduct amounts to, at best, an unnecessary obstacle to the notice plan adopted by the Court and, at worst, a failure to comply with a direct order from the Court. As a result, Plaintiff moves the Court to compel Defendant to produce the class lists as previously mandated and to award any further relief available under Rule 37 as the Court deems necessary and just, including payment of expenses and attorneys' fees accrued in the preparation of this motion.

DATED:  May 14, 2021                              Respectfully submitted,
                                                  By:   /s/ Patrick H. Peluso

Robert B. Kleinman
robert@commonsensecounsel.com
Breanne Cope
breanne@commonsensecounsel.com
Common Sense Counsel LLP
404 West 7th Street
Austin, Texas 78701
Telephone: (512) 299-5329
Facsimile: (512) 628-3390

Brooke Frances Cohen
brookefcohen@gmail.com
4334 University Blvd
Dallas, TX 75205
Telephone: (214) 384-0537

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Phone: (720) 213-0676

*Attorneys for Plaintiffs*
*\*Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on May 14, 2021.

      /s/ Patrick H. Peluso
      Patrick H. Peluso