IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONICA ABBOUD,** *individually and on behalf of all others similarly situated*, | § § § | |
| *Plaintiff*, | § § | **Case No. 3:19-cv-120-X** |
| v. | § § | |
| **AGENTRA, LLC,** | § § | |
| *Defendant*. | § § | |

## DEFENDANT'S RESPONSE TO MOTION TO COMPEL

Defendant Agentra, LLC ("Agentra") files this Response to Plaintiff's Motion to Compel [Dkt. 50] and would respectfully show as follows:

### INTRODUCTION

On April 12, 2021, this Court ordered Agentra to provide class lists for the Text Class and Agent Class. [*See* Dkt. 49 (hereinafter, "Notice Order").] The Notice Order attempted to foreclose Agentra's objections to the indefiniteness of such class lists by ordering scorched-earth alternatives of unlimited (but admittedly definite) scope.[1]

Agentra does not have possession, custody, or control of the information the Notice Order assumes it has. With respect to the Agent Class, only the sales agents[2] possess the "contact information for every number these agents could conceivably have contacted." Notice Order at 5.

---

[1] Text Class: "If Agentra cannot provide contact information for the phone numbers its own CRM system messaged for the purpose listed above, surely it can instead produce every phone number its CRM software ever messaged for any purpose, along with attendant contact details." Notice Order at 3. Agent Class: "Once again, if Agentra's unwillingness to disclose this information boils down to an actual inability to discern which numbers the agents called, then Agentra should disclose contact information for every number these agents could conceivably have contacted." *Id.* at 5.

[2] The term "sales agent" is industry language. No agency relationship exists; these sales agents are independent contractors who enroll customers for many companies, some of which compete directly with Agentra.

With respect to the Text Class, Agentra's access is limited by its account permissions to the CRM software in question, Admin123, and Agentra's account cannot query for whether an individual was contacted by text message (as opposed to email) or otherwise export every phone number that was sent a text message.

## LEGAL STANDARD

Rule 34(a) provides that the production of electronically stored information is limited to "items in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Although the Motion relates to class notice information, the same "possession, custody, or control" standard of Rule 34 logically applies here, and courts have indeed applied that standard in this context. *See Hossfeld v. Lifewatch, Inc.*, No. 13 C 9305, 2021 WL 1422779, at *2 (N.D. Ill. Mar. 4, 2021) ("if further information is within Lifewatch's possession, custody or control … the magistrate judge recommends that Lifewatch be ordered to produce the most updated customer list it has, so that notice can proceed.").

On a motion to compel, the movant bears the burden of "showing that the other party has control over the documents sought." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 231 (N.D. Tex. 2016) (quoting *S. Filter Media, LLC v. Halter*, No. 13-116-JJB-RLB, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014)).

## ARGUMENT

Both the Notice Order and Motion rely on the false premise that Agentra is "an insurance agency that *solicits business through a telemarketing system*." Notice Order at 2 (emphasis added). While Agentra is an insurance agency, its involvement only extends to the handling of the administrative tasks of enrollment and premium collection. Agentra does not underwrite insurance policies and, critical here, *does not solicit the general public.*

I.    **Agentra does not have possession, custody, or control of additional Agent Class information.**

The Notice Order directed that if Agentra could not "discern which numbers the agents called" it must "disclose contact information for every number these agents could conceivably have contacted." Notice Order at 4. As explained below, the information produced by Agentra is complete; Agentra simply does not have the information for every number the agents could have contacted.

The Notice Order relied on a facially reasonable—but incorrect—assumption that because Agentra produced certain class information in *Abramson v. Agentra, LLC*, No. 2:18-CV-00615-PLD, Doc. No. 122 at 1-2 (W.D. Pa. Sept. 29, 2020) it could produce the Agent Class information in dispute here. However, the class list produced in *Abramson* differed dramatically from the information sought here because (1) it was derived from the third-party discovery of telemarketing vendors conducted by the *Abramson* plaintiffs (discovery that is notably absent here) and (2) only consisted of *customer* information, not those *who actually received a call*, because it was produced for purposes of settlement.

Testimony from Abramson's counsel in the class settlement approval hearing of the *Abramson* matter provides additional detail. In *Abramson*, "the plaintiffs learned that calls made to sell Agentra policies are often made by telemarketing call centers that work with lead generators, and those lead generators work with vendors that have a relationship with Agentra insurance agents; and those agents sign independent contractor agreements with Agentra." Ex. A (Abramson Hr'g Tr.) at 4:5-10. "In other words, there's often a series of degrees of separation between the caller and Agentra." *Id*. at 4:10-12.

This new information expands the demonstrative chart of contractual relationships presented by Agentra in its Response to Class Certification [Dkt. 39]. With this newfound

information, the chart should be:



It bears repeating that the above facts were not elicited for this Response, but instead come from a hostile party in a separate lawsuit (*Abramson*) who independently discovered them through third-party subpoenas. *See* Ex. A at 6:8-11 ("The plaintiffs also issued a series of third-party subpoenas, which is how we were able to explain to the Court those various degrees of separation with respect to the telemarketing calls.").

In sum, the *Abramson* list only contains Agentra *customers* enrolled by sales agents suspected to affiliate with a certain telemarketing vendor and the identities of such sales agents were derived through the *Abramson* plaintiffs' third-party discovery. This is confirmed by plaintiffs' counsel in *Abramson*:

> THE COURT:  It does. So the class list that you were provided, I assume by Mr. Richmond, the 19,000 or so, are ***only those who purchased the policy, not those who were called***?
>
> MR. PARONICH:  And ***that's exactly right***, Your Honor.  And why I know that to be true for a variety of reasons is because as we described in our discovery efforts, part of them were tracking down an individual in Texas who is the subject of a government action right now for illegal robo calling; and we received his records of millions of calls that were made that could have been transferred over to Agentra eventually.

Ex. A at 23:7-18 (emphasis added).

Agentra does not dispute the *Abramson* class list is "inadequate"[3] since Agentra only produced it to leave no doubt it complied with the Notice Order, especially since Plaintiff previously characterized the *Abramson* class list as containing the exact information she seeks. [Dkt. 48 at 7 ("As it turns out, Agentra has produced the requested information in another case … *Abramson v. Agentra*…").]

Plaintiff, upon receiving the *Abramson* class list, should have realized the information contained therein confirmed Agentra's inability to obtain Agent Class information. Instead, Plaintiff now doubles down on the conclusory allegation that Agentra "is, in fact, capable of producing" information beyond what is contained in the *Abramson* class list. Mot. at 4.

But conclusory allegations do not carry Plaintiff's burden. At bottom, Agentra does not have possession, custody, or control over any other information on the Agent Class. Agentra does not know which individuals or phone numbers the sales agents, lead generators, or telemarketing vendors dialed (if any). That information is in the exclusive possession, custody, or control of the sales agents, lead generators, or telemarketing vendors themselves, and Agentra has no knowledge of which lead generators or vendors the sales agents contract with. [*See* Dkt. 39-1, Dale Depo. Tr., at 75:11-15 (sales agents consider lead sources to be "confidential information … for competitive reasons.")]

It was incumbent on Plaintiff to seek such information directly from the source (the sales agents, lead generators, and telemarketing vendors) before the close of discovery. Plaintiff knows this given that she moved for alternative service of subpoenas against one such telemarketing

---

[3] Plaintiff also correctly states the Abramson class list has "no indication of which agent called each individual on the list" because only the respective sales agent would have that information, not Agentra. Mot. at 4. Likewise, Agentra agrees that "much of the list provided by Agentra is likely outside the boundaries of the Agent Class certified in this case, and there is no way to tell which entries are relevant to this matter." *Id*.

vendor in August 2019, which Agentra did not oppose. [*See* Dkt. 26, Mot. for Alternative Service of Subpoena.] Plaintiff's failure to diligently pursue third-party discovery of the entities that actually make calls starkly contrasts with the actions of the plaintiffs in *Abramson*. *See* Ex. A at 52:5-53:21 (elaborating at length on the third-party discovery process when responding to the question "how you would prove that calls were made").

Plaintiff should not be rewarded for her failure to diligently pursue third-party discovery by way of a motion to compel seeking information Agentra does not have.

**II.     Agentra does not have possession, custody, or control of a Text Class list.**

Because Agentra does not own the Admin123 software and Agentra's account permissions do not allow it to query for whether an individual was contacted by text message or export every phone number sent a text message, Agentra does not have possession, custody, or control over the Text Class list and cannot be compelled to produce what it cannot access.

Plaintiff finds fault with Mr. Dunayer's declaration because it "makes no representations about whether such information can be accessed by Agentra locally or whether Defendant's 'permissions' could be altered to permit the above functions, nor does it provide sufficient details regarding the front and back-end functionality of Agentra's CRM system." Mot. at 5.

Attached hereto as Exhibit B is a supplemental declaration of Mr. Dunayer addressing these issues. In his supplemental declaration, Mr. Dunayer confirms that Agentra is not trying to hide the ball with respect to Agentra's Admin123 access and that Agentra's use of Admin123 is limited to the features and capabilities provided on the website itself. *See* Ex. B, ¶¶ 7-9.

Agentra understands the Notice Order's skepticism of these facts. *See*, *e.g.*, Notice Order at 3 ("surely [Agentra] can instead produce every phone number its CRM software ever messaged for any purpose…"). To further assuage these concerns, Agentra will allow Plaintiff's counsel to

access Agentra's Admin123 account at Agentra's premises and under the supervision of Agentra's counsel to confirm that the sought-after Text Class information is not in Agentra's possession, custody, or control.

## CONCLUSION

For the reasons set forth above, Agentra requests this Court deny Plaintiff's Motion to Compel and grant Agentra all relief at law and equity to which it is entitled.

Dated: May 28, 2021					Respectfully submitted,

*/s/ Andrew Lin*
ANDREW LIN
Texas Bar. No. 24092702
alin@pcrfirm.com
WILLIAM S. RICHMOND
Texas Bar. No. 24066800
brichmond@pcrfirm.com
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75307
Telephone: (214) 559-2700
Facsimile: (214) 559-4390

**COUNSEL FOR DEFENDANT AGENTRA, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Agentra, LLC does hereby certify that this pleading was served on counsel of record on May 28, 2021 by electronic filing.

*/s/ Andrew Lin*
ANDREW LIN