IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AGENTRA, LLC, a Texas limited liability company,<br><br>    Defendant. | Case No. 3:19-cv-00120-X<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AGENTRA, LLC TO PRODUCE CLASS LISTS FOR THE CERTIFIED CLASSES AS ORDERED BY THE COURT** |

**I.  INTRODUCTION**

As illustrated in Plaintiff's Motion to Compel, Defendant Agentra, LLC ("Defendant" or "Agentra") has failed to produce class lists sufficient to identify members of the certified Text and Agent Classes as required by the Court. Defendant's response to the Motion confirms that Agentra has made little effort—if any at all—to comply with the Court's order. Rather than communicate with its own vendors to secure this necessary information, Agentra sat on its hands and produced only a single document, created for another case (which Defendant admits is inadequate). Further, Agentra continues to shirk its obligation to produce a Text Class list by merely restating its lack of software permissions. Defendant's commitment to the bare minimum fails to comply with an Order of the Court, and its conduct should not be permitted.

**III.  ARGUMENT**

    **A.  Despite the Court's Order to produce a class list, Defendant disclosed only one document that is perfunctory and inadequate.**

In her Motion to Compel, Plaintiff explained that Agentra took no action over the course of thirty (30) days to create an Agent Class list and instead "[sought] to fulfill its obligations

1

under the Court's Order by leaning on an old, inapposite document of limited relevance." (Dkt. 50 at 4–5.) Defendant's response to the motion confirms Abboud's suspicion—Agentra intentionally submitted an inadequate list as a placeholder to give the appearance that it complied with the Court's order; it is evident that Defendant made no efforts to work with its identified agents to prepare or procure an up-to-date, relevant Agent Class list.

Agentra begins by presenting what it characterizes as "new information"—the fact that it contracts with sales agents, who may also contract with other downline telemarketing agents—as an excuse for its failure to produce an adequate class list. (Dkt. 53 at 3–4.) Defendant is eager to label these contractual relationships as "newfound information" that was "independently discovered" through subpoenas in another case. (*Id.*) Though it may have been new information to a plaintiff in another matter, the notion that Agentra was previously unaware of such potential connections borders on the absurd. Indeed, Agentra explicitly contemplated the existence of downline agents when attempting to settle claims against eleven different sales agents in the *Abramson* case, defining the class therein as follows:

> Plaintiffs and all persons contacted by Alexander Glynn, Ann Fils, Charles Donisi, Jacon Mcleod, Jake Gabbard, Jason Espinoza, Kristina Calo, Scott Shapiro, Steve Guerrero, Witfield Jean-Baptiste, or Theresa Jones (or on behalf of any individual Agent, *whether by a downline sub-agent, vendor, or other third party*) regarding the sale of a product offered by Agentra at any time between May 8, 2014 to February 1, 2020 that were contacted on a cellular telephone or while they were on the National Do Not Call Registry for at least 30 days.

(*See* Dkt. 50-3, at 4) (emphasis added). Defendant is aware of its own sales agents, and the settlement class defined above betrays an awareness of the use of downline agents as well. If Agentra were actually interested in cooperation rather than obfuscation, it could have worked with its sales agents in question—Health Care Enrollment Center and Life and Health Insurance Services, run by Jake Gabbard and Jason Espinoza—to produce an Agent Class list and

2

meaningfully comply with the Court's order. Instead, it elected to produce an out of date and irrelevant list of customers provided for an entirely different matter.

Faced with Plaintiff's motion to compel, Agentra "does not dispute" the inadequacy of the *Abramson* class list. (Dkt. 53 at 5.) Defendant even admits that it "only produced [the *Abramson* document] to leave no doubt it complied with the Notice Order"—in other words, to give the appearance of compliance without actually producing an adequate list. (*Id.*) The document produced is, by Agentra's own admission, insufficient to identify the members of the Agent Class; it thus cannot be said to comply with the Court's Order calling for "sufficient potential class lists." (Dkt. 49 at 4.)

Agentra even goes further to shift blame to Abboud for its inadequate list, stating that "Plaintiff, upon receiving the Abramson class list, should have realized the information contained therein confirmed Agentra's inability to obtain Agent Class information." (Dkt. 53 at 5.) To be sure, the document provided does not confirm Defendant's *inability to obtain* class information—on the contrary, it contains consumer information for a different class dispute, suggesting that such class information *can* be procured here. But the inadequacy of the document otherwise confirms that Agentra has not yet made any effort to obtain class information. At no point during the 30-day period between the Court's order and Agentra's deadline for production did counsel for Defendant confer with counsel for Plaintiff regarding its efforts to produce a list or the inadequacy of the document it would eventually produce. (Dkt. 50-1 at ¶ 6.) Instead, Agentra now claims that, on the day that the list was due, Plaintiff "should have realized" that Defendant would make nothing more than a perfunctory gesture by producing a list from another case. (*See* Dkt. 53 at 5.)

The information necessary to identify the members of the Agent Class does, in fact, exist. If Agentra does not presently possess that information, it is likely possessed by one of the two sales agents identified in this matter (with whom Defendant has a contractual relationship). Agentra would have the Court believe that the information may be held by other downline agents, but it has demonstrated no effort whatsoever to obtain that information and produce a sufficient class list. Defendant's actions amount to a failure to comply with an order of the Court under FRCP Rule 37(b), and it should be compelled to produce the required information or face penalties as the Court deems just.

> **B.** **Agentra's supplemental declaration simply reiterates Defendant's failure to make any effort to produce a Text Class list as ordered by the Court.**

With regard to the Text Class list, Defendant responds to Plaintiff's motion to compel with a supplemental declaration from its IT manager that supposedly addresses the shortcomings identified. (Dkt. 53 at 6–7.) But the new declaration only restates Agentra's assertion that it does not have adequate permissions to export a list. Though it alludes to the vendor that administers its software, Agentra yet again fails to denote any steps it has taken to alert its vendor to the need for this information, to update its software permissions, or to create or produce a Text Class list in any way. The Court should not reward Defendant's lack of effort to comply with an order to produce class information.

In her motion, Plaintiff took issue with Dunayer's declaration, which suggested that the information sufficient to identify the Text Class members in fact exists but that Agentra has failed to take reasonable steps to obtain it or produce it in a useable format. (Dkt. 50 at 6.) Dunayer referred to inadequate software permissions and an inability to "export every phone number messaged by Agentra via Admin123"—issues that were not raised to the Court during briefing of the Proposed Notice Plan or at any time during the thirty days given to Defendant to

4

produce class lists. (Dkt. 50-2 at ¶ 6; *see also* Dkt. 50-1 at ¶ 6.) Dunayer made no representations about whether permissions can be enhanced or whether the necessary information can be obtained with the help of the administrator. In response to the motion, the supplemental declaration adds three paragraphs, stating that "Agentra cannot alter its permissions" or access the information locally because the data is contained within the Admin123 web platform. (Dkt. 53-2 at ¶¶ 7–9.)

Once again, Agentra reveals that it has made little to no effort to comply with the Court's Order and produce a text class list. By Dunayer's own description, Agentra uses the platform of a software vendor, Enrollment123, Inc., pursuant to a Services Agreement. (*See* Dkt. 53-2 at ¶¶ 3–4.) Rather than asking its vendor to provide Agentra with the information as required by the Court, or to update its permissions to allow Agentra to export the information itself, Defendant simply shrugs its shoulders and seeks to avoid compliance with a Court order by coyly remarking that it "cannot be compelled to produce what it cannot access." (Dkt. 53 at 6.)

Defendant can likely obtain this information with relative ease from its software platform vendor, but it again opts for obstruction of the notice process and a commitment to the bare minimum. Agentra even goes so far as to *offer Plaintiff's counsel* a chance to visit Defendant's offices and see its presently-inadequate software permissions. (Dkt. 53 at 6–7.) Entertaining as that exercise may be, Plaintiff and her counsel would rather obtain the necessary Text Class list to effectuate notice, even if that were to require reaching out to a vendor to enhance permissions or supply Court-ordered information. However, Abboud is not in a position to do so—Agentra, however, is.

In response to Plaintiff's motion to compel, Defendant seeks to assure the Court that it is "not trying to hide the ball," but its refusal to prepare or produce any meaningful class lists tells a

different story. (*See* Dkt. 53 at 6.) Agentra has failed to comply with the Court's order to produce sufficient class lists, and it appears to have made little effort to comply. The Court should require Defendant to take reasonable steps to produce a Text Class list or face penalties pursuant to Rule 37(b).

### IV.     CONCLUSION

Agentra's production of an irrelevant customer list and a last-minute declaration that it can't currently export text class information falls well short of the Court's requirement to produce "sufficient potential class lists" necessary to disseminate notice and satisfy due process. Defendant's conduct presents an unnecessary obstacle to the notice plan, and it has failed to comply with a direct order of the Court. Accordingly, Plaintiff moves the Court to compel Defendant to produce the class lists as previously mandated and to award any further relief available under Rule 37 as the Court deems necessary and just, including payment of expenses and attorneys' fees accrued in the course of briefing this motion.

DATED:  June 4, 2021     Respectfully submitted,
                         By:   /s/ Patrick H. Peluso

                         Robert B. Kleinman
                         robert@commonsensecounsel.com
                         Breanne Cope
                         breanne@commonsensecounsel.com
                         Common Sense Counsel LLP
                         404 West 7th Street
                         Austin, Texas 78701
                         Telephone: (512) 299-5329
                         Facsimile: (512) 628-3390

                         Brooke Frances Cohen
                         brookefcohen@gmail.com
                         4334 University Blvd
                         Dallas, TX 75205
                         Telephone: (214) 384-0537

                         Steven L. Woodrow*

>swoodrow@woodrowpeluso.com
>Patrick H. Peluso*
>ppeluso@woodrowpeluso.com
>Taylor T. Smith*
>tsmith@woodrowpeluso.com
>Woodrow & Peluso, LLC
>3900 E. Mexico Avenue, Suite 300
>Denver, CO 80210
>Phone: (720) 213-0676
>
>*Attorneys for Plaintiffs*
>*\*Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on June 4, 2021.

    /s/ Patrick H. Peluso
Patrick H. Peluso