IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONICA ABBOUD,** individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff*, | § § | Case No. 3:19-cv-120 |
| v. | § § | |
| AGENTRA, LLC, | § § | |
| *Defendant.* | § § | |

## JOINT PRETRIAL ORDER

Pursuant to the Court's October 5, 2022 Amended Scheduling Order [Dkt. 76] and LR 16.4, the parties hereby submit this Proposed Joint Pretrial Order:

## LR 16.4 INFORMATION

**a. A summary of the claims and defenses of each party;**

Plaintiff

This is a class action under the Telephone Consumer Protection Act. The Court has certified two classes in this case: a "Text Class" and an "Agent Class". The Court granted summary judgment as to Plaintiff's "Text Class" claims, but Agentra's motion for summary judgment was denied with respect to the phone-call claims. (*See* Dkt. 74.)

Under the Telephone Consumer Protection Act, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system to a cellular telephone. The key questions remaining in this case are whether the phone calls at issue were placed using an Automatic Telephone Dialing System ("ATDS"), whether Agentra can be held liable for calls placed by its agents, whether

Agentra can prove that it secured prior express consent for those calls, and whether Abboud "signed up" as an Agentra customer.

Defendant

For clarity, in the earlier Proposed Pretrial Order filed before this Court ruled on Agentra's Motion for Summary Judgment, the parties agreed that "the claims of the 'Agent Class' have been released as part of a settlement in a separate case filed in the Western District of Pennsylvania, *Abramson v. Agentra*." [Dkt. 72 at 1.] This agreement is reflected in the stipulated facts below. As a result, no absent class member claims remain, and this trial involves only Plaintiff Monica Abboud's individual claims of telephone calls against Agentra.

Agentra's defenses are (1) that Agentra did not place the alleged calls to Plaintiff and Agentra is not vicariously liable for whichever person(s) placed such calls; (2) the alleged calls were not placed using an automatic telephone dialing system; and (3) Plaintiff's claim is barred by res judicata arising from the *Abramson v. Agentra* settlement.

**b. A statement of stipulated facts;**

1. Plaintiff Abboud is a natural person who resides in Harris County, Texas.

2. Defendant Agentra is a limited liability company organized and existing under the laws of the State of Texas whose corporate headquarters are located in Dallas, Texas.

3. The claims of the "Agent Class" have been released as part of a settlement in a separate case filed in the Western District of Pennsylvania, *Abramson v. Agentra*.

4. Agentra is a health insurance general agency.

**c. A list of contested issues of fact;**

1. Whether or not the calls were placed using an automatic telephone dialing system.

2. Whether Abboud was inadvertently enrolled into one or more of the above health insurance policies due to an error by Agentra.

   3.  Whether Abboud electronically signed any health insurance policy serviced by Agentra.

   4.  Whether the person or entity which called Abboud was Agentra or an agent of Agentra.

**d. A list of contested issues of law;**

   1.  Whether the "random or sequential number generator" language in the definition of "automatic telephone dialing system" refers to any number or is limited to telephone numbers.

   2.  Whether Plaintiff is barred from asserting her claims by res judicata.

**e. An estimate of the length of trial;**

   The trial is expected to last 2 days.

**f. A list of any additional matters that might aid in the disposition of the case;**

### ADDITIONAL INFORMATION PURSUANT TO COURT ORDER

**a. A list of witnesses who may be called by each party in its case in chief. Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "probable," "possible," "expert," or "record custodian." A copy of this list must be furnished to the court reporter prior to trial;**

   Attached as Exhibit A

**b. A joint proposed jury charge. The parties must submit the proposed charge to the Court in Word format. The parties must annotate the joint proposed charge, explaining any objections and including citations to pattern jury instructions or caselaw.**

   Submitted to the Court via email to Starr_Orders@txnd.uscourts.gov.

**c. Proposed interrogatories**

   None.

**d. The status of settlement negotiations as of the date of the Pretrial Order;**

   The Parties continue to discuss settlement.

**e. Each party's proposed voir dire questions if the matter is a jury trial. The Court will allow attorneys an allotted time to conduct questioning at voir dire so long as the questions are approved in advance by the Court. The Court reserves the right to conduct further questioning at the conclusion of attorney questioning; and**

    Attached as Exhibit B.

**f. Trial briefs may be filed with the Pretrial Order but are not required unless specifically requested by the Court.**

    None.

Dated:  October 31, 2022        /s/  Patrick H. Peluso

                                        Counsel for Plaintiff

Dated:  October 31, 2022        /s/  William S. Richmond

                                        Counsel for Defendant

Dated:  November __, 2022

                                        BRANTLEY STARR
                                        UNITED STATES DISTRICT JUDGE